431 So.2d 189 (1983)
Christine M. GUARINO, Appellant,
v.
Joseph J. GUARINO, Appellee.
No. 82-1902.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Rehearing Denied May 16, 1983.
Dennis J. Plews, Bradenton, for appellant.
John J. Waller, St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
A final judgment dissolving the marriage of the parties to this appeal was rendered on December 15, 1981. On June 22, 1982, appellant wife filed a motion for contempt against appellee husband alleging the husband's nonpayment of his half of the mortgage payments for four months, nonpayment of one-half of a doctor bill for treatment of the parties' child, and nonpayment of the child support payment due on June 4, 1982. On the same day, the wife filed a motion for alternative relief in the form of a judgment against the husband for the arrearages claimed. After hearing on both motions, the trial court denied the wife's motion for contempt and for judgment for arrearages. After review of the record and the applicable case law, we affirm in part and reverse in part.
The husband admitted that he had failed to pay as additional required child support one-half of the monthly mortgage payment on the marital residence beginning with the March payment and continuing each month thereafter as long as the wife enjoyed exclusive possession of the marital domicile. Payments for the months of March, April, May, and June, 1982, were due and owing at the time of the hearing. Moreover, contrary to the trial court's statement at the hearing and in the order appealed, the transcript of the hearing clearly establishes that the wife testified to the precise amount of the mortgage payment, and her figures were never challenged by the husband.
The law is well established that the right of a wife to payment of child support in arrears is vested, and while it is within the discretion of the court to refrain from holding the husband in contempt for nonpayment, the wife is entitled to enforcement of the payment by legal process. Roffe v. Roffe, 404 So.2d 1095 (Fla.3d DCA 1981); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974). Since *190 the husband did not have the present ability to pay the mortgage payments, the trial court acted properly in allowing the husband to reduce the accrued $652.92 arrearage by paying an additional $50 per month. Smithwick. However, the wife is entitled to have the accrued arrearages reduced to judgment. Roffe.
We have considered the other two points raised by the husband and find both to be without merit.
Accordingly, we vacate that part of the trial court's order denying the wife's motion to reduce the accumulated child support (mortgage payment) arrearages to judgment and the finding that the wife's proof of the amount lacked specificity, and we remand to the trial court with directions to enter judgment against the husband in the amount of $652.92; the amended order may, however, permit the husband to pay this amount at the rate of $50 per month and may provide that the wife may not sue on the judgment until further order of the court as long as the husband adheres to the prescribed payment schedule. In all other respects the order is affirmed.
REVERSED in part; AFFIRMED in part.
GRIMES and LEHAN, JJ., concur.