PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) challenges a final order allowing Michael R. LaPlante credit on arrearages of child support and ordering HRS to reimburse him for funds it intercepted from his income tax refund.
On November 9, 1982, HRS filed a petition to determine arrearages in child support due the state under section 409.2561, Florida Statutes (Supp.1982).[1] HRS based its entitlement on having furnished public assistance from October 1974 through November 1981 to the children of LaPlante and his former wife. Amended petitions by HRS alleged that the court commissioner’s office had incorrectly directed the support division of the office of the clerk of the circuit court to give LaPlante a credit of $15,593.45. HRS contended that, of this sum, $9,467.90 was owed it as a statutory assignee.
On January 20, 1983, former Judge Arden Mays Merckle conducted a brief hearing on HRS’ petition. This hearing was not recorded and no written order was entered. On June 10 Judge John T. Griffin held a subsequent hearing in an attempt to ascertain what transpired at the January 20 hearing. At the hearing before Judge Griffin, LaPlante’s attorney testified that Judge Merckle had allowed LaPlante a credit of $15,000 for the child support obligation accumulated while LaPlante was in prison. Counsel for HRS contended that the credit was unauthorized and reminded the court that former Judge Merckle had never entered any order on the matter.
In December Judge Griffin heard more testimony on the matter from an HRS attorney, Michael LaPlante, and former Judge Merckle. He determined that this testimony was “too vague and conflicting for an order to be entered” and continued the matter again to receive further evidence.
The last hearing took place on June 13, 1984. LaPlante could not recall talking to anyone at the court commissioner’s office about the credit. An employee of the court commissioner’s office sent the credit memo to the support division office, because the former wife claimed LaPlante owed her only $1,260. The court commissioner’s employee then applied the credit to LaPlante’s support obligation without realizing HRS had any claim to the arrearages. An employee from the support department of the clerk of the circuit court said she recorded the credit on the support records based on the information from the court commissioner’s office.
The trial judge concluded that no substantial, competent evidence presented to the court showed that the action by former *834 Judge Merckle approving the credit was in error. The trial court entered an order finding “that Judge Merckle ordered that the Defendant, MICHAEL R. LAPLANTE, should be given credit for $15,593.45 on arrearage of his child support, and that Judge Merckle approved the Clerk’s Report showing the credit given by the Court Commissioner’s Office, and therefore the matter [was] Res Adjudicata.” Judge Griffin ordered that LaPlante receive a credit for $15,593.45 and that HRS refund to him $571 that it had intercepted from his income tax refund. This timely appeal by HRS ensued.
Unpaid child support payments constitute a vested property right. Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), petition for review dismissed, 441 So.2d 632 (Fla.1983). Here, LaPlante does not contend that his obligation to pay child support to his former wife was ever modified. He did not challenge the entitlement of either his former wife or HRS to the arrearages. HRS furnished public assistance to fill the void created when LaPlante was in prison. Under section 409.2561 it became the assignee of the former wife’s rights to the extent of the funds it provided.
Here, HRS was denied its right to reimbursement from LaPlante, because the arrearages were canceled on the basis of information from the commissioner’s office without any notice to it. See Levitt v. Levitt, 454 So.2d 1070 (Fla. 2d DCA 1984). Finally, the trial judge erred in applying the doctrine of res judicata, since there had been no clear-cut former adjudication. See Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366 (Fla.1953).
In sum, the state was unfairly deprived of its right to a determination of La-Plante’s liability to repay funds which the taxpayers have provided to support his children. Accordingly, we vacate the order appealed and direct the court, on notice to all interested parties, to conduct a hearing on the HRS petition and determine La-Plante’s statutory obligation under section 409.2561.
GRIMES, A.C.J., and SCHEB and LE-HAN, JJ., concur.

. Subsections 409.2561(3) and (4) provide, in pertinent part:
(3) By accepting public assistance for, or on behalf of, a dependent child, the recipient is deemed to have made an assignment to the department of any right, title, and interest in any child support obligation owed to or for that child up to the amount of public assistance money paid for, or on behalf of, the dependent child....

(4) The department shall be subrogated to the right of the dependent child or person having the care, custody, and control of the child to prosecute or maintain any support action or action to determine paternity or execute any legal, equitable, or administrative remedy existing under the laws of the state to obtain reimbursement of public assistance paid, being paid, or to be paid.