472 So.2d 773 (1985)
William L. THOMSON, Appellant,
v.
John J. PETHERBRIDGE, Appellee.
No. BA-253.
District Court of Appeal of Florida, First District.
June 21, 1985.
Rehearing Denied August 6, 1985.
George D. Gabel, Jr. and Mitchell E. Woodlief of Wahl & Gabel, Jacksonville, for appellant.
Peter D. Webster of Bedell, Dittmar, DeVault, Pillans and Gentry, Jacksonville, for appellee.
MILLS, Judge.
Thomson appeals from the entry of final summary judgment in favor of Petherbridge. We affirm.
On 9 October 1980, Thomson filed a tencount complaint against Petherbridge and other parties not involved in this appeal. The complaint concerned the breakdown of the business relationship between these parties and its various legal ramifications. Count VII of the complaint sought reformation and immediate payment of a note, given Thomson by Petherbridge pursuant to a contract between them for the purchase of stock from the parties' professional association (P.A.).
On 3 November 1980, Petherbridge moved to dismiss the entire complaint, alleging as to Count VII that it did not state a cause of action for reformation because the stock for which Thomson received the note was actually issued by the P.A. Therefore, the note was unenforceable for lack of consideration.
*774 The court granted the motion as to Counts II through X, and denied it as to Count I; Count X was dismissed with leave to amend. Litigation respecting Counts I and X is still pending. Counts II through IX were dismissed "with prejudice." With regard to Count VII, the dismissal was based on the court's adoption of Petherbridge's argument that the note was unenforceable for lack of consideration.
Thomson appealed the order to this court. In Thomson v. Petherbridge, 406 So.2d 1279 (Fla. 1st DCA 1981), the court "sua sponte note[d] that appellant is attempting to prosecute an interlocutory appeal ... not permitted by Fla.R.App.P. 9.130." (Emphasis supplied) The court recognized an exception to the rule "when a count states a separate and distinct cause of action not interdependent with claims remaining for the trial court," citing Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974), but found this case not within the exception because "[c]ounts presented by the appellant each involve an aspect of his previous business relationship with appellees... ." The court concluded that "appellant's right to review on these grounds must await final judgment."
Following this decision, on 5 October 1983, Thomson filed the complaint involved in this appeal. The complaint acknowledged that the note executed by Petherbridge had been held unenforceable in the previous action, but alleged that the debt represented by the note still existed and sought to recover it. Petherbridge moved for summary judgment, alleging that Thomson was attempting to prosecute the equivalent of the claim already decided adversely to him in the previous action.
The trial court granted this motion on 5 July 1984 on grounds of res judicata, holding that "the present action and [the previous one] involve identity in the thing sued for, identity of causes of action, identity of persons and parties and identity of quality or capacity of the person against whom the claims have been made." It found that the order granting the motion to dismiss in the previous action "was intended to be a final order or judgment on the merits; that it was made by a court of competent jurisdiction; and that, as a result, it constitutes an absolute bar to a subsequent suit on the same cause of action... ."
Thomson argues on appeal that the trial court erred in granting this motion on res judicata grounds. He cites the principle that a final judgment is necessary to invoke the doctrine, Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88, 90 (Fla. 1st DCA 1981), and points out our decision in Thomson I holding the order interlocutory. We agree that a final order is necessary for application of res judicata but hold that the order granting the motion to dismiss in the previous action had the requisite finality as to Count VII to support such application. Our opinion in Thomson I does not preclude this holding.
The Mendez exception to the rule against the appeal of nonfinal orders, which was discussed in Thomson I, centers around the interrelation of the subject matter of the counts in a complaint. If the claims "in substance involve the same transaction," piecemeal appeal of lower court action on some of the claims should not be granted. This court found in Thomson I that all ten of the counts involved "an aspect of [Thomson's] previous business relationship with appellees," thus failing to qualify an appeal of the dismissal of eight counts under Mendez.
However, Count VII, individually, involved the specific issue of the payment of a debt allegedly created by an agreement between the parties. The trial court held that this count should be dismissed "with prejudice." The accepted test for finality of an order is "whether the judicial labor is at an end." Slatcoff v. Dezen, 72 So.2d 800 (Fla. 1954). Here, even though the trial court still has Counts I and X before it for adjudication, it will not revisit the specific issue created by Count VII and its judicial labor with regard to it is therefore at an end. Because "nothing remains to be done by the court to fully effectuate *775 a termination of" this issue between the parties, see Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983), the ruling thereon is final for res judicata purposes.
Having made the determination that the earlier order can support res judicata, the issue remains as to the propriety of the trial court's determination that the doctrine should apply to bar the suit below. In order for res judicata to serve as a bar to a subsequent suit, four identities must be present: (1) identity of the thing sued for, (2) identity of the causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the person against whom the claim is made. Husky Industries, Inc. v. Griffith, 422 So.2d 996, 999 (Fla. 5th DCA 1982).
Thomson challenges only the fulfillment of the second required element, arguing that in the previous suit he sought reformation of the note given as payment, and in the current one he seeks enforcement of the debt created by the contract underlying the unenforceable note. This difference is not conclusive. "The law ... requires only that the claims or causes of action be substantially the same; a request for different relief does not prevent the first action from serving as a bar to a second action. Identity of causes of action is defined by similarity of the facts essential to the maintenance of both actions." Pumo v. Pumo, 405 So.2d 224, 226 (Fla. 3d DCA 1981), reh. den. (emphasis supplied). Here, the identical facts are involved in both actions.
The finding in the previous suit that the note was unenforceable was based on language in the contract for purchase of the stock stating that the note was given to Thomson in return for stock provided by the P.A. The note was therefore not per se unenforceable, independent of the contract, but was unenforceable because of the contract. In the current suit, Thomson would have to rely on the identical language to prove the existence of the debt represented by the note. Because the same facts are essential to both causes of action, the required identity thereof exists, and dismissal on res judicata grounds was correct.
We affirm.
SMITH and THOMPSON, JJ., concur.