473 So.2d 273 (1985)
STATE of Florida Department of Health and Rehabilitative Services, On Behalf of Deborah Davis, Appellant,
v.
Wheeler Canady, Appellee.
No. 84-2583.
District Court of Appeal of Florida, Second District.
July 31, 1985.
Charles L. Carlton, Lakeland, for appellant.
No appearance on behalf of appellee.
OTT, Judge.
The trial court cancelled accrued child support arrears owed by appellee. We reverse.
The court had previously entered an order suspending appellee's obligation to make court-ordered child support payments after determining that appellee was incarcerated and unable to make the payments. Upon appellee's release from incarceration, he failed to resume making the payments. The court issued an order to show cause setting a time for appellee to appear before *274 the court. The hearing was not transcribed. Following the hearing, the court entered an order that all child support arrears accruing prior to appellee's release from prison were "reduced to a zero balance." The court further directed the Department of Health and Rehabilitative Services to amend its previously filed certification for income tax refund interception to conform with the court's order.
A proper pleading must precede any judicial adjustment of child support arrears. Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982). In this case, no such pleading was filed. We hold that the trial court erred in cancelling the child support arrears owed by appellee in the absence of a proper pleading and in ordering appellant to amend its income tax refund interception certification.
We note that a receiving spouse has a vested right to payment of child support in arrears. Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA 1983). Absent compelling circumstances or a valid defense, a trial court lacks the authority to retroactively cancel or reduce past due child support payments. Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984). Such compelling circumstances are in the nature of laches, estoppel, waiver, reprehensible conduct upon the part of the parent having custody, or other strong equitable reasons. Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981). Although the court has the discretion to decline to hold a non-paying parent in contempt, the parent to whom the arrears are owed is entitled to enforcement of the payment by legal process. Guarino. In this case, appellant has standing to institute proceedings to collect the arrears which accrued while appellee's children were receiving public assistance benefits. Lamm v. Chapman, 413 So.2d 749 (Fla. 1982). We do not decide whether the facts of this case present compelling circumstances which would allow the lower court to retroactively cancel the past due support.
REVERSED.
RYDER, C.J., and FRANK, J., concur.