## THE FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES v HATFIELD

Case No. GC-G-84-2277

Tenth Judicial Circuit, Polk County

March 5, 1987

### APPEARANCES OF COUNSEL

**Charles L. Carlton** for petitioner.

**Robert T. Connolly, Francis A. Solorzano,** and **Suzanne Harris,** Florida Rural Legal Services, Inc., for respondent.

### OPINION OF THE COURT

DENNIS P. MALONEY, Circuit Judge.

*ORDER ON MOTIONS FOR SUMMARY JUDGMENT*

By joint motion, the parties in this cause have asked the court to

render summary judgment in their respective favors on all claims and counterclaims on the ground that there is no genuine issue as to any material fact and that one or the other of the moving parties is entitled to judgment as a matter of law. After considering the legal issues presented in this lawsuit by the pleadings, pre-trial stipulations and the memoranda of law submitted by counsel, the court makes the following findings.

The facts of this case, which are undisputed, show that the petitioner, Florida Department of Health and Rehabilitative Services (HRS), paid a total of $7,287 in Aid to Families with Dependent Children (AFDC) benefits for the respondent's children during the period of 1980 to 1984 when respondent was incarcerated. At the time AFDC benefits were paid, HRS did not obtain a court order establishing respondent's child support obligation. The record is devoid of any indication that HRS made a formal determination of or agreement concerning respondent's ability to pay for the support of the children at the time AFDC payments were made. The record shows that the respondent did not desert his family or attempt to elude child support obligations; however, at the time respondent was incarcerated, he had no financial ability to support his family. As soon as the respondent began earning money, HRS was notified and AFDC payments were stopped. After respondent was released from prison and earning an annual salary of $25,000, the petitioner instituted proceedings for the repayment of all public assistance monies paid under AFDC.

The petitioner asserts that it followed the letter and intent of the statutory proceedings under Fla. Stat. § 409.235, et. seq. to recover the public assistance debt allegedly owed by respondent. The respondent asserts that because HRS failed to establish a prior child support obligation under the statutory provisions that the petitioner is not entitled to judgment in its favor. The respondent also asserts that HRS has no rights greater than the rights of the respondent's wife and, since the wife cannot recover retroactive child support, HRS cannot so recover. The respondent asserts numerous affirmative defenses, including constitutional and equitable defenses, in the event the court finds for the petitioner under the statute. Further, the respondent counterclaims for compensatory and punitive damages for willful or intentional misuse of process, and seeks declaratory relief on the basis of 42 U.S.C. 1983.

The central issue before the court in this cause is:

Whether the petitioner, HRS, can obtain reimbursement to the state for AFDC benefits paid on behalf of respondent's children while

**79**

respondent was incarcerated, absent a prior court order or administrative determination fixing an amount of support that respondent was able to pay?

Fla. Stat. § 409.2554(9) (1985) defines support as ". . . support for a child and spouse or former spouse who is living with the child or children, but only if a support obligation has been established for that spouse and the child support obligation is being enforced under Title IV-D of the Social Security Act." Under Florida statutory provisions and federal regulations pertaining to Title IV-D of the Social Security Act, a support obligation must be established by court order, administrative hearing or formal written agreement, and must be based on a formal determination of the responsible parent's reasonable ability to pay. Fla. Stat. § 409.2561(1), § 409.2564(1) and (4); 45 C.F.R. § 302.50 and § 302.53.

Under Florida's statutory scheme the recipient of public assistance benefits on behalf of dependent children is deem to have made an assignment to HRS of sums received on behalf of the children. HRS, as subrogee, retains all rights which the recipient had against the responsible parent, but no better rights. Any reimbursement to HRS for payments made under AFDC is limited by the obligation of support established by court order and by a proper determination by the court or HRS that the responsible parent had the ability to pay child support during the period aid was granted. See *Lamm v. Chapman*, 413 So.2d 749 (Fla. 1982); *Department of Health and Rehabilitative Services v. Whitman*, 481 So.2d 968 (Fla. 2d DCA 1986); *Department of Health and Rehabilitative Services v. Thomas*, 477 So.2d 1053 (Fla. 5th DCA 1985), *rev. denied*, 488 So.2d 829 1986). See also *State ex rel Department of Human Services v. Huffman*, 332 S.E.2d 866 (W. Va. 1985).

In the instant case, HRS did not obtain a court order establishing the respondent's child support obligation and HRS made no formal determination under statutory or regulatory guidelines concerning respondent's ability to pay for the support of the children at the time AFDC payments were made. During the period AFDC payments were made, the respondent had no ability to pay, as was later stipulated to by the parties.

While this court recognizes the strong public policy in favor of the obligation to repay public monies expended for the support of children under AFDC, HRS cannot legally recover the funds paid because it failed to follow the statutory and regulatory requirements applicable to this cause. Petitioner's reliance on *Department of Rehabilitative Services v. Canady*, 473 So.2d 273 (Fla. 2d DCA 1985) and *Department*

80

*of Health and Rehabilitative Services v. LaPlante*, 470 So.2d 832 (Fla. 2d DCA 1985) is misplaced because both *Canady* and *LaPlante* involved court-ordered child support obligations, a fact which is not present in the instant case.

Further issues in this cause are presented by the respondent's counterclaims seeking damages for willful or intentional misuse of process and declaratory relief under 42 U.S.C. 1983. The record fails to support these claims.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Petitioner's motion for summary judgment on the issue of reimbursement of AFDC funds is DENIED.

2. Respondent's motion for summary judgment on the issue of reimbursement of AFDC funds is GRANTED.

3. Respondent's counterclaim for misuse of process and for declaratory relief under 42 U.S.C. 1983 are DISMISED with prejudice.

DONE AND ORDERED this 5th day of March, 1987, in Chambers, at Bartow, Polk County, Florida.