578 So.2d 485 (1991)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Leta ATTERBERRY, Appellee.
No. 90-1438.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
*486 Sheryl D. Snodgrass of Carlton & Carlton, P.A. Lakeland, for appellant.
Lawrence W. Solodky, Orlando, for appellee.
HARRIS, Judge.
In 1988 Kenneth Atterberry was awarded custody of his three children in his dissolution of marriage action against Leta Atterberry. The mother was ordered to contribute $300 per month child support. Kenneth, who has heart problems, draws SSI and receives AFDC benefits.
In December 1988, HRS, on behalf of Kenneth, brought enforcement proceedings against Leta. She was determined to be in arrears at that time in the amount of $2,215 and was ordered to contribute an additional $50 per month toward the arrearage. In addition to this enforcement effort, HRS listed the arrearages in compliance with the requirements of 45 CFR Sec. 302.60:
Collection of past-due support from Federal tax refunds.
The State plan shall provide that:
(a) The IV-D agency has in effect procedures necessary to obtain payment of past-due support from Federal tax refunds as set forth in section 464 of the Act, Sec. 303.72 of this chapter, and regulations of the Internal Revenue Service at 26 CFR 304.6402-1; and
(b) The IV-D agency shall take the steps necessary to implement and use these procedures.
Subsequently Leta was injured and became unemployed. She petitioned the court to modify her support obligation and, because she was expecting a tax refund, to remove her name from the IRS intercept list. After a hearing before a master, the court eliminated all current support obligations and ordered HRS to remove the collection of the existing arrearage from the IRS intercept program. HRS only appeals that portion of the order requiring it to remove the case from the intercept program. We reverse.
Unpaid child support is a vested property right. See generally, Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989) and cases cited therein. Past due installments become judgments by operation of law. § 61.14(5), Fla. Stat. (1989). Past due installments cannot be cancelled or reduced. Bingemann v. Bingemann, supra, citing Fox v. Haislett, 388 So.2d 1261, 1265 (Fla. 2d DCA 1980); but see State Department of Health and Rehabilitative Services o/b/o Davis v. Canady, 473 So.2d 273 (Fla. 2d DCA 1985) (absent compelling circumstances or valid defense such as laches, estoppel, waiver, reprehensive conduct or other strong equitable reasons court lacks authority to retroactively cancel or reduce past due child support payments); Robinson v. State Department of Health and Rehabilitative Services, 473 So.2d 228 (Fla. 5th DCA 1985) rev. dismissed, 478 So.2d 53 (1985) (laches available in presence of extraordinary facts or compelling circumstances).
The legislature has specifically authorized the use of the IRS intercept program to collect child support arrearages. § 61.17(3), Fla. Stat. (1989). While Leta's current physical and economic problems might justify modifying or eliminating current obligations, it does not permit the court to eliminate or suspend the collection of obligations incurred when Leta was able, but unwilling, to perform.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GOSHORN and DIAMANTIS, JJ., concur.