600 So.2d 1298 (1992)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, OFFICE OF CHILD SUPPORT ENFORCEMENT, Appellant,
v.
Donald K. WOOD, Appellee.
No. 91-1819.
District Court of Appeal of Florida, Fifth District.
June 26, 1992.
Sheryl D. Snodgrass, of Carlton & Carlton, P.A., Lakeland, for appellant.
*1299 Maureen M. Matheson, of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellee.
HARRIS, Judge.
Irene Wood sought child support through URESA from Donald K. Wood. In April 1980, the Brevard County Circuit Court entered an order requiring appellee to pay $35.00 per week to a New York family court. The record indicates that the wife received public assistance from the State of New York (Suffolk County) until November 18, 1980.
On January 30, 1981, Donald obtained a final judgment of dissolution of marriage in Brevard County. That final judgment gave the care, custody and control of the minor child to Irene and ordered Donald to pay $50.00 per week for support and maintenance of the minor child payable through the Clerk of the Circuit Court in Brevard County.
In January, 1981, the trial court in the URESA action determined an arrearage of $768.40. In April, 1982 the court found an arrearage of $2,903.40. In November 1982, the court entered a third order finding contempt and established an arrearage of $3,503.40.
In 1983, the Brevard State Attorney, on behalf of Donald, requested information from Internal Revenue Service regarding money sent to Suffolk County and requested information from Suffolk County regarding the amount of arrearage. The response from IRS indicates that a refund of $1,330.77 (dated 5/16/83) was forwarded to Suffolk County. Suffolk County acknowledged receipt of the IRS refund and advised that as of January 20, 1984, the total arrearage was $2,398.63 of which $2,187.63 was due Suffolk County Department of Social Services.
In February 1984, the court entered an order finding no contempt, but established arrearages in the amount of $1,993.63. That order contained the provision that payments not made through the support department would not be credited against payments ordered. On November 19, 1984 Suffolk County notified Brevard County that a credit of $454.00 had been received from an IRS intercept.
In August 1986, the court entered a fourth order finding contempt, and established arrearage at $2,664.39. The court also entered an income deduction order. On August 26, 1986, Suffolk County notified Brevard County of an IRS intercept of $494.49.
On April 18, 1990 a hearing was held before a domestic relations commissioner. The commissioner found that appellee did not pay for several years although he was continuously employed. The commissioner found an arrearage of $1,879.33 due the State of New York for public assistance and an arrearage of $3,430.00 due the wife. Since the wife's present location was unknown, the commissioner recommended that support payments be suspended until she was located. The trial judge adopted the recommendations of the commissioner and entered an income deduction order for $50.00 to be applied to the arrearage due the State of New York. That income deduction order contains a note that the arrearage of $3,430.00 owed to the wife was not being addressed. The order was not appealed.
All orders entered from 1980 through and including the order of April, 1990 were based upon the URESA award of $35.00 per week. In June 1991 Donald, for the first time, claimed a credit based on the final judgment of dissolution which required support of $50.00 per week with a credit of $25.00 per week during summer visitation. Appellee further claimed that the April 1990 arrearage of $3,430.00 did not take into account IRS intercepts or payments made directly to the wife. An unreported hearing was held on the motion.
*1300 After the hearing the trial court entered an order finding that appellee was entitled to a previously unapplied credit for the summers of 1981 through 1990[1] of $1,295.00 based upon a rate of $35.00 per week. The court determined that the April 1990 arrearage was miscalculated and noted that the correct child support arrearage as of that date was only the indebtedness owed to the State of New York which, as of June 1991, was $507.90. After applying the summer visitation credit, the court found that Donald was entitled to a credit of $787.10 on the child support record in Brevard County. The clerk's office was ordered to change their records to reflect that Donald was ahead in payment of his child support by that amount. HRS appeals claiming that the April 1990 order is res judicata as to the amount owed as of that time and that the summer credit based on the dissolution judgment was error.
HRS argues that the doctrine of res judicata constitutes an absolute bar to a recalculation of arrearages. Donald contends that the trial court did not relitigate; it merely interpreted and clarified what had been contradictory and confusing. It is apparent, however, that the appealed judgment "corrects" the findings of the commissioner approved by the court in its unappealed 1990 order.
When a fact in issue or a cause of action has been finally decided by a court of competent jurisdiction, neither of the parties shall be allowed to relitigate so long as the judgment or decree stands unreversed. This principle applies to default judgments, issues raised in defense, and matters raised by motion. AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982). As to the particular motion for contempt and for determination of arrearage which prompted the 1990 order, the judge made a "final" decision  no other judicial labor remained to be done on that motion. The order, then, was res judicata as to the issues decided by it. Thompson v. Petherbridge, 472 So.2d 773 (Fla. 1st DCA 1985). Since Donald did not appeal the April 1990 order, he could not relitigate the arrearage in June, 1991. For the same reason he is not entitled to a credit for payments he now contends were made directly to Irene. It is possible that relief may nevertheless be available under Rule 1.540, Florida Rules of Civil Procedure. We do not address that issue.
We also agree with HRS that the trial court may not reduce child support arrearage owed on a URESA judgment established at a rate of $35.00 per week because of a claimed credit under a final judgment of dissolution of marriage requiring $50.00 per week child support. Under the URESA order, Donald benefits by paying $15.00 per week less than the obligation established by the final judgment of dissolution. This means his yearly URESA obligation without a discount for summer visitation is $1,820. His support obligation under the final judgment of dissolution after credit for summer visitation is $2,400. It was error to give Donald the advantage of the lower URESA payments and also the summer visitation credit under the final dissolution judgment.
The modification hearing leading to the appealed judgment was not reported and that prevents us from knowing the basis for the figures determined by the court and the reason for the reversal of his previous order. Since the summer visitation credit is error apparent on the face of the judgment, we reverse for further consideration. If, in fact, the court had "compelling circumstances," "extraordinary facts" or "other strong equitable reasons" to modify vested child support,[2] as urged by Donald, *1301 such reasons should be set out in any subsequent modification judgment.
REVERSED and REMANDED.
W. SHARP, and GRIFFIN, JJ., concur.
NOTES
[1] This appears to be an error. In his motion to determine arrearage, appellee states that his wife vanished in 1989 and that he was unable to exercise visitation in 1989 and 1990.
[2] State Department of Health and Rehabilitative Services v. Canady, 473 So.2d 273 (Fla. 2d DCA 1985); Department of Health and Rehabilitative Services v. Atterberry, 578 So.2d 485 (Fla. 5th DCA 1991).