PETERSON, Judge.
The Department of Health and Rehabilitative Services (HRS), on behalf of the former wife, Marsha Stephenson, appeals the trial court’s May 4, 1992 Order of Modification of Final Judgment. The order vacated previously entered contempt orders against the former husband, Ralph S. Beckwith, and reduced the amount of his child support obligation. We affirm in part and reverse in part.
A final judgment of dissolution was entered on July 10, 1987, in which the former husband was ordered to make weekly child support payments of $67.50 for each of his two children and to maintain medical and life insurance. At that time his gross weekly earnings were $470.
The former husband later fell behind on his payments, and HRS petitioned on behalf of the former wife for an order of contempt. When the former husband failed to respond to an order to show cause, the trial court found him in contempt for willful failure to pay and ordered incarceration in the county jail for 60 days with a purge provision that, if he paid arrearages of $4,451, he would be released. On December 31, 1992, the contempt order was amended to allow the former husband to purge himself by paying $1000 immediately and another $1000 before March 1, 1992.
The former husband secured his release and petitioned for a modification of the final judgment, alleging a substantial change in his weekly income from $470 to $295. After a hearing on the petition, the trial court issued its order on May 5, 1992, finding that there had been a material and substantial change in the husband’s ability to pay since his employment status had changed. The trial court reduced weekly support payments to $44.50 per child and eliminated the life insurance requirement. The medical insurance requirement was modified to require payment of $32 per month to maintain the children in a health program offered by the Volusia County school system. Finally, the order vacated all previously entered contempt orders, and payments toward the ar-rearage were abated until further order. The former wife moved for rehearing and included a request for an income deduction order to reflect the modified amount and arrearage. The motion was denied.
The former wife complains that the trial court erred by (1) vacating the prior contempt orders because the orders are res ju-dicata and cannot be altered by modification; (2) failing to enter an income deduction order for both the modified amount of child support and the arrearage; and (3) awarding weekly child support of $44.50 per child rather than a total guidelines amount of $89 for two children.
MODIFYING CONTEMPT ORDERS
Whether a trial court has authority to withdraw and render void a previous civil contempt order or amendment to the order depends upon whether such an order may be classified as a final or a non-final order. The former wife would classify it as a final order and cites for support certain language in Department of Health and Rehabilitative *397 Services, Office of Child Support Enforcement v. Wood, 600 So.2d 1298, 1300 (Fla. 5th DCA1992):
When a fact in issue or a cause of action has been finally decided by a court of competent jurisdiction, neither of the parties shall be allowed to relitigate so long as the judgment or decree stands unreversed. This principle applies to default judgments, issues raised in defense, and matters raised by motion. AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA1981), rev. denied, 413 So.2d 875 (Fla.1982). As to the particular motion for contempt and for determination of arrearage which prompted the 1990 order, the judge made a “final” decision — no other judicial labor remained to be done on that motion. The order, then, was res judicata as to the issues decided by it. Thompson v. Petherbridge, 472 So.2d 773 (Fla. 1st DCA1985).
The sole issue raised in Wood was whether the trial court could adjust the amount of the arrearage which had been set in a previous order entered after a hearing on a contempt motion. While this court indicated that the order on the motion for contempt, coupled with a determination of arrearage, was a final decision, this court did not rule that every order of contempt is a final order not subject to later vacation or modification. This court held that the finding of the amount of the arrearage was res judicata when the husband failed to appeal. Whether the portion of the order resulting from the motion for contempt could be modified or vacated was not raised as an issue.
Because of its very nature, a civil contempt order that imposes incarceration must be subject to revocation or modification by the trial court after imposition. The order imposes penalties the execution of which are conditioned upon satisfaction of purge provisions that are monitored by or brought to the attention of the imposing court. When imprisonment is ordered for civil contempt, the punishment is ordered to induce compliance with valid orders of the trial court. The sentence can be terminated by the court upon compliance or even partial compliance. See Demetree v. State ex rel. Marsh, 89 So.2d 498 (Fla.1956). The trial court must continue to have jurisdiction so that the incarcerated person may be set free upon compliance with the contempt order, or perhaps to modify the order in the event that partial compliance justifies modification. Elimination of that authority as is suggested by the appellant would adversely affect the support enforcement system.
Florida courts have recognized that a civil contempt order is interlocutory. Petition of Campbell, 72 So.2d 59 (Fla.1954). The Fourth District has ruled specifically that an order of civil contempt is reviewable as a non-final order under rule 9.130(a)(3)(C), Florida Rules of Appellate Procedure. Continental Cas. Co. v. Morgan, 445 So.2d 678 (Fla. 4th DCA1984); Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA1981). The Third District in Stewart v. Mussoline, 487 So.2d 96 (Fla. 3d DCA1986), declined to follow the Fourth District cases cited above, but found that the court has jurisdiction to review (apparently non-final) action holding one in contempt by way of certiorari. None of these cases holds that an order entered on a motion for civil contempt is appealable as a final order. This district has previously entertained appeals of orders finding the payor former spouse to be in civil contempt for failure to pay child support, but none of the opinions in those cases discuss the rule of appellate procedure authorizing the review, e.g., Miller v. Miller, 587 So.2d 601 (Fla. 5th DCA1991); Pope v. McKee, 565 So.2d 785 (Fla. 5th DCA1990); Upchurch v. Upchurch, 418 So.2d 373 (Fla. 5th DCA1982).
We hold that a civil contempt order imposing incarceration as an inducement to performance of the act required by the trial court entered pursuant to a post-dissolution support enforcement proceeding is reviewable as a non-final order entered after a final order pursuant to rule 9.130(a)(4), Florida Rules of Appellate Procedure. The order, being non-final, does not constitute an order that is res judicata as to the contempt, and, absent an appeal, the trial court retains jurisdiction to modify or vacate it. In so ruling, we do not disturb the decision in Wood as to the finality of that portion of contempt orders involving the issue of the calculation of ar- *398 rearages. Wood, 600 So.2d 1298; Department of Health and Rehabilitative Services v. Atterberry, 578 So.2d 485 (Fla. 5th DCA1991); Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA1989), rev. denied, 560 So.2d 232 (Fla.1990); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA1986); State Dept. of Health and Rehabilitative Services on Behalf of Davis v. Canady, 473 So.2d 273 (Fla. 2d DCA1985); Robinson v. State, Dept. of Health and Rehabilitative Services on Behalf of Robinson, 473 So.2d 228, 229 (Fla. 5th DCA 1985), dismissed, 478 So.2d 53 (Fla.1985). See also § 61.14(5), Fla.Stat. (1991). Accordingly, we hold that the trial court did not err in vacating the contempt orders.
INCOME DEDUCTION ORDER FOR ARREARAGES
The former wife alleges the trial court erred, not only in fading to enter an income deduction order on the reduced child support amount awarded, but also in failing to order withholding of an additional 20 percent for arrearages. The former husband does not contest the appropriateness of an income deduction order being entered as to the child support obligation in the modification order.
Section 61.1301(l)(a), Florida Statutes (1991) states, “Upon the entry of an order establishing, enforcing, or modifying ... a child support obligation, the court shall enter a separate order for income deduction if one has not been entered.” Section 61.1301(l)(b) provides in part:
(b) The income deduction order shall:
1. Direct a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor’s support obligation;
2. State the amount of arrearage owed, if any, and direct the payor to withhold an additional 20 percent or more of the periodic amount specified in the support order, until full payment is made of any arrear-age; and
3. Direct a payor not to deduct in excess of the amount allowed under s. 303(b) of the Consumer Credit Protection Act, 15 U.S.C. s. 1673(b), as amended.
(Emphasis added). The former husband argues the legislature’s use of the word “shall” should be interpreted to mean “may” in order to protect the trial court’s authority to fashion appropriate relief for the child. We do not believe the legislature under the circumstances enumerated above intended to make income deduction orders optional.
The legislature has, however, recognized that enforcement of an arrearage via an income deduction order should be left to the trial court’s discretion. Section 61.1301(3) provides:
It is the intent of the Legislature that this section may be used to collect arrearages in child support payments which have accrued against an obligor.
(Emphasis added). This legislative intent was added to section 61.1301 by Ch. 88-176, § 5, at 653, Laws of Fla., subsequent to the enactment of section 61.1301(l)(b)(2). We interpret this expression of legislative intent as vesting discretion in the trial court to include a provision for arrearages in an income deduction order. We note that, if an obligor parent is found able to pay only a given amount as support, a trial court would be forced to reduce the current support obligation in order to accommodate a requirement that the obligor pay down the arrear-age. Such an arrangement would be to the child’s disadvantage. We also note that in the instant ease the court may have abated payment of the arrearage until further order because it ordered the payment of $32 per month for the school health program. Because the former wife has asserted error rather than an abuse of discretion in the failure to enter an income deduction order for the arrearages, we must affirm the refusal to enter it.
SEPARATE AWARDS OF CHILD SUPPORT
The former wife’s final argument is that the amount of child support should be stated in one total amount when awarded for more than one child rather than dividing the guidelines amount by the number of children and awarding the quotient to each of the children as was done in this case. She ar *399 gues that the guidelines provide for a greater amount of support for the first child than the incremental amount for each additional child in recognition that some expenses pertaining to child support remain constant regardless of the number of children involved. For example, the difference in the expenses of maintaining a home for two children is typically not double the expense of maintaining a home for one.
Apparently this is an issue not previously considered by the Florida appellate courts in a reported decision. The issue was touched upon in one of this court’s earlier appeals. In Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA1986), the former wife appealed a trial court’s order which reduced the former husband’s weekly child support payments. The original support order of $182 per week was reduced to $140 per week retroactive to the date the older child reached majority. While the opinion emphasized the importance of filing a prompt petition to modify support when a child attains the age of majority, it touched on the issue presented in the instant appeal. It quoted the holding in Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA1976), that a trial court is not obligated to state separately the amount of support awarded for each child, but may in its discretion award a lump sum for several children. In Jones, the court noted:
We recognize in many cases it is helpful and avoids future litigation to make a separate award for each child. There are other cases, however, in which child support awarded for several children is not sufficient in amount, but is all that the spouse can afford to pay. To require an equal division for each child and an automatic reduction in the amount upon each child reaching his majority would be inadequate in such cases.
330 So.2d at 539. If an equal per child award is made, the burden is placed upon the obligee spouse to petition for an increase in the award remaining when one of the children reaches majority. If a lump sum amount is awarded, the obligor spouse must generally file a petition for reduction when one of the children attains majority.
Section 61.30, Florida Statutes (1991) indicates that departures from the guideline schedule are warranted in certain circumstances but that written or record findings must accompany any such departure. § 61.-30(10). Nothing in the statute, however, either precludes or requires that child support awards be per child or lump sum, although one may infer that the statute contemplates a lump sum award because the schedules provide for cumulative support amounts for increasing numbers of children.
Nevertheless, since there is no specific direction to the courts in establishing either a per child or lump sum award of child support, we hesitate to find error when a trial court exercises discretion in making a per child award rather than a lump sum award, where the total of the per child awards does not violate the guidelines.
We affirm the May 4, 1992 Order of Modification of Final Judgment, but we remand for entry of an income deduction order for the modified weekly payments of child support.
AFFIRMED; REMANDED.
THOMPSON, J., concurs.
HARRIS, C.J., concurs in part and dissents in part, with opinion.