JORGENSON, Judge.
Suniland Associates appeals from an amended final judgment denying its claim for foreclosure of a mortgage and awarding Wil-benka damages and interest on its counterclaim for breach of a conditional assignment of lease. For the following reasons, we reverse.
In 1987, Wilbenka entered into a Termination of Lease agreement with Suniland Partners [“SPL,” not related to the appellee Suniland Associates], which held title to the property known as the Suniland Shopping Center. SPL sought to remove Wilbenka’s lease, which was burdensome to SPL, and proceed with redevelopment of the property. SPL purchased Wilbenka’s leasehold and executed a note for the indebtedness. As collateral for the note, SPL executed a Conditional Assignment of Lease [“Assignment”] by which it transferred to Wilbenka its right to receive rental payment pursuant to a lease with Mr. Pottery, another tenant at Suniland. The Assignment was recorded. Paragraph 23 of SPL’s lease with Mr. Pottery, which was referred to in the Assignment and attached to the Assignment, provided that Mr. Pottery’s lease was subordinate to present and future mortgages to which the landlord was a party, and which in any way affected the premises.
In April, 1988, SPL’s successor in interest, Real Estate Equities Joint Venture, executed a mortgage and security agreement on the property in favor of Baleor Real Estate Finance, Inc. This mortgage was recorded three weeks after the Assignment was recorded.
In 1989, Wilbenka sued SPL, its individual partners, and its successor in interest seeking a declaration that its lien stemming from the Assignment was superior to the later-recorded mortgage. A Stipulation and Settlement filed in that action provided that the interest of Wilbenka in the leased premises had not been challenged by Baleor, and that the Assignment had in fact been recorded in the public records before Baleor’s mortgage was recorded.
*1358 Six months later, Balcor sought foreclosure of its mortgage on behalf of Nationsbank, its mortgage trustee. Wilbenka was not named as a party in that action. A final judgment of foreclosure was entered and a certificate of title was issued in favor of Nationsbank.
Six months after that final judgment of foreclosure was entered, Balcor and Nations-bank filed an action against Wilbenka to reforeclose the mortgage. Nationsbank alleged that Wilbenka was inadvertently omitted from the prior foreclosure action, and that Wilbenka’s Assignment was a junior encumbrance that was subject to Balcor’s mortgage. Balcor and Nationsbank relied on paragraph 23 of the Mr. Pottery lease, to which the Assignment referred. Wilbenka answered, asserted that the action was barred by res judicata and collateral estoppel because of the 1989 declaratory judgment action, and filed a counterclaim that sought damages from the property owner for $140,-000 in arrearages due under the Assignment note. Suniland Associates purchased the property from Nationsbank one day before this matter was tried.
Following a bench trial, the trial court found that Balcor’s admissions in the 1989 action estopped Balcor from asserting the priority of its mortgage over Wilbenka’s Assignment; that Wilbenka’s interest runs with the land and burdens the interest of the property owner; and that the new owner was obligated to pay Wilbenka the arrearage on the Assignment note.
We reverse, and in this case of first impression in Florida, hold that an agreement to assign rents and profits creates no interest in the property itself. See Perpetual Fed. Sav. & Loan Ass’n v. Willingham, 296 S.C. 24, 370 S.E.2d 286, 288 (Ct.App.1988) (“[A] covenant to assign rents and profits confers no interest in the property itself. Such a covenant does not create an equitable hen.”). It is not legally significant, therefore, that Wilbenka recorded the Assignment before Balcor recorded its mortgage. See Id. 370 S.E.2d at 288 (citations omitted) (“Since the instrument did not create any security interest in the property, it is immaterial for the purpose of establishing priorities that subsequent creditors had notice of its terms.”).
Even if the Assignment created any interest in the property, the Assignment was subject to and subordinate to the mortgage. “The law is well settled that an as-signee succeeds to his assignor’s rights under the assignment of a contract and takes it with all the burdens to which it is subject in the hands of the assignor.” Shreve Land Co. v. J & D Financial Corp., 421 So.2d 722, 724 (Fla. 3d DCA 1982). When SPL assigned to Wilbenka its rights under the Mr. Pottery lease, Wilbenka took that assignment subject to the same burdens and conditions as the landlord. By its very terms, the lease was subordinate to future mortgages.
The stipulation and settlement that arose from the 1989 litigation between Wil-benka and Balcor had no res judicata or collateral estoppel effect, and did not bar Nationsbank’s claim in this action. For res judicata to bar this litigation, there must be identity of the thing sued for and of the cause of action. ICC Chemical Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994). Those identities do not exist in this case. This action was brought to foreclose Wilben-ka’s interest upon the borrower’s default; in 1989, no cause of action for foreclosure even existed, as no default had occurred. For res judicata or collateral estoppel to apply, there must also exist in the prior litigation a “clear-cut former adjudication” on the merits. Department of Health & Rehab. Svcs. v. LaPlante, 470 So.2d 832, 834 (Fla. 2d DCA 1985); see also R.D.J. Enters., Inc. v. Mega Bank, 600 So.2d 1229, 1231 (Fla. 3d DCA) (collateral estoppel prevents relitigation of issues that have been fully litigated and which resulted in a final decision of a court with competent jurisdiction), rev. denied, 609 So.2d 40 (Fla.1992); Hochstadt v. Orange Broadcast, 588 So.2d 51, 53 n. 2 (Fla. 3d DCA 1991) (“Defensive collateral estoppel ‘occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant.’ ”) (citation omitted; empha *1359 sis added). No such final prior adjudication exists in this case.[1]
For the same reasons that we reverse the final judgment denying foreclosure, we also reverse the damages awarded to Wilbenka on its counterclaim. The Assignment created mere contractual rights between SPL and Wilbenka; it did not create any interest in the property itself. Willingham, 370 S.E.2d at 287. It was not, therefore, a covenant running with the land, and is not enforceable against the current owner, who was not a party to the Assignment. See Maule Indus. v. Sheffield Steel Prods., 105 So.2d 798 (Fla. 3d DCA 1958) (covenant running with land concerns property conveyed and occupation and enjoyment thereof; covenant must touch and involve land or some right or easement annexed and appurtenant thereto), cert. denied, 111 So.2d 41 (Fla. 1959).
Reversed.

. A voluntary dismissal with prejudice filed pursuant to stipulation may, under certain circumstances, operate as an adjudication on the merits sufficient to bar a second suit under the doctrine of res judicata. See, e.g., Chassan Prof. Wallcovering, Inc. v. Frankel, 608 So.2d 91, 93 (Fla. 4th DCA 1992). That is not the result in this case, as the required identities are not present.