LaROSE, Judge.
Donna Mazurek appeals an order denying her motion to vacate an order approving a General Master’s findings of fact and recommended order awarding child support credit to Vasco Ferraro. The trial court erred in adding prejudgment interest to the credit amount and in selecting October 30, 2000, as the date on which to apply the credit. Consequently, we reverse.
In February 1989, the trial court entered a final judgment of paternity finding Mr. Ferraro to be the father of Ms. Mazu-rek’s child. The trial court ordered him to pay child support. In late September 1989, the trial court rendered its Judgment Determining Existence of Resulting Trust, granting Ms. Mazurek a lien on Pasco County real estate owned by Mr. Ferraro. The lien secured future child support payments. Ms. Mazurek recorded the lien in the public records of Pasco County on September 29,1989.
Subsequently, Mr. Ferraro’s ex-wife, Catherine Ferraro, filed a quiet title action as to the same property against Mr. Ferraro in Pasco County. On July 31, 1990, she recorded a default judgment declaring that Mr. Ferraro owned the property. In October 1990, she recorded a quitclaim deed from Mr. Ferraro.
In January 1991, Ms. Mazurek levied on her lien. She purchased the real estate for $1000 at a sheriffs sale and obtained a sheriffs deed on June 6, 1991. Earlier, however, on April 30, 1991, Catherine Ferraro filed another quiet title lawsuit in Pasco County against Ms. Mazurek and Mr. Ferraro.
Much later, in 1993, following a child support contempt hearing, the trial court ruled that Mr. Ferraro was not in contempt and was entitled to credit against his child support arrearages for the value *1150 of Ms. Mazurek’s interest in the Pasco County property if Ms. Mazurek prevailed in the quiet title lawsuit. At the time of Ms. Mazurek’s levy in January 1991, the property was valued at $40,000. The trial court ruled that “[s]hould [Ms. Mazurek] be ultimately determined to have an interest in the realty, [Mr. Ferraro] should be given a credit on his child support obligation equal to the value of [Ms. Mazu-rek’s] interest calculated on a $40,000.00 value, less the $1,000 purchase price.” The trial court said nothing about interest.
Some seven years later, in October 2000, the 1991 quiet title lawsuit ended. A trial court in Pasco County confirmed Ms. Ma-zurek’s fee simple title in the Pasco County property. That trial court found that Ms. Mazurek’s lien was superior to Catherine Ferraro’s quitclaim deed, that the quitclaim deed was void, and that the sheriffs deed gave Ms. Mazurek fee simple title. An appeal followed.
On June SO, 2004, the trial court in Hillsborough County granted Mr. Ferraro child support credit toward amounts, now reduced to judgments, owed to Ms. Mazu-rek. The trial court ruled correctly that its 1993 order, determining a $40,000 value for the Pasco County real estate, was res judicata. See Dep’t of Health & Rehabilitative Servs. v. Wood, 600 So.2d 1298, 1300 (Fla. 5th DCA 1992) (holding that res judicata applies to unappealed ruling on postdissolution motion for child support contempt as to arrearage determination); accord Dep’t of Health & Rehabilitative Servs. v. Beckwith, 624 So.2d 395, 397-98 (Fla. 5th DCA 1993); Remington v. Remington, 705 So.2d 920, 922-23 (Fla. 4th DCA 1997) (holding that contempt order liquidating child support amount is final decretal order and is res judicata).
The order on appeal recited that the amounts owed by Mr. Ferraro on 1990 and 1991 child support judgments totaled $51,536.99 as of June 30, 2004. The order provided a credit of $37,750 ($40,000 less Ms. Mazurek’s costs of $2250) to Mr. Ferraro, plus twelve percent interest from October 30, 2000, the date that the Pasco County trial court concluded that Ms. Ma-zurek had clear title to the real estate. With interest calculated to be $16,605.63, the credit totaled $54,355.63.
The trial court erred in awarding interest as part of the credit against Mr. Ferraro’s long delinquent child support obligations. On our record, no Florida authority permits such an award. The trial court also erred in using October 30, 2000, as the date that Ms. Mazurek acquired clear title to the Pasco County property. The October 30, 2000, order from the Pas-co County trial court became final on August 8, 2001, when the appellate mandate issued. See McCuiston v. State, 507 So.2d 1185, 1186 (Fla. 2d DCA 1987), aff'd, 534 So.2d 1144 (Fla.1988); Cicero v. Paradis, 184 So.2d 212, 214 (Fla. 2d DCA 1966); Porter Lumber Co., Inc. v. Tim Kris, Inc., 530 So.2d 398, 399 (Fla. 4th DCA 1988).
We reverse the order denying the motion to vacate and remand to the trial court to determine the amount due for the February 1990 and April 1991 judgments, with interest accumulated thereon, as of August 8, 2001. The $37,750 credit should be applied to that amount. The trial court then should calculate the child support ar-rearages, if any, from August 9, 2001, to the date the trial court enters an order on this matter and subtract any remaining credit from that amount. Any remaining arrearages should be reduced to judgment, which will bear interest at the legal rate.
Reversed and remanded with directions.
SALCINES, J., and CASE, JAMES R., Associate Judge, Concur.