640 So.2d 92 (1994)
ICC CHEMICAL CORPORATION, Appellant,
v.
Michael J. FREEMAN, etc., Appellees.
No. 93-2555.
District Court of Appeal of Florida, Third District.
July 5, 1994.
Jeffrey C. Roth, Coral Gables, for appellant.
Judy D. Shapiro, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
ICC Chemical Corporation (ICC) appeals from a partial final summary judgment in favor of Michael J. Freeman (Freeman). We affirm.
ICC contracted with Pacific Trading Overseas Corporation (Pacific Trading) to purchase polypropylene. Freeman, acting as attorney for Pacific Trading, notified ICC via facsimile that Pacific Trading had obtained the product but it would only perform under the contracts if ICC agreed to pay a higher price. ICC agreed to pay the higher price, and subsequently renegotiated the contracts. After Pacific Trading delivered the goods, ICC refused to pay the increased purchase price and paid only the price originally agreed upon. Pacific Trading filed an arbitration claim against ICC to enforce the contract modifications. ICC counterclaimed for breach of contract, claiming economic coercion and bad faith, alleging that the contract modifications were procured by fraud and bad faith partly through the facsimile notification of price increases that Freeman sent to ICC on Pacific Trading's behalf. The arbitration concluded in favor of Pacific Trading, finding that ICC owed Pacific Trading $212,000 on the contracts as modified. This award was later approved and confirmed by a United States District Court in ICC Chemical Corp. against Pacific Trading Corp., No. 92 Civ. 7569 (S.D.N.Y. March 24, 1993). In the instant action, ICC brings suit *93 against Freeman individually for alleged fraudulent misrepresentations contained in Pacific Trading's facsimile notification of price increases. On Freeman's motion, the trial court granted summary judgment against ICC on the basis that ICC's fraud action was barred by res judicata as a consequence of the prior arbitration adjudication. ICC appeals.
The issue in this case is whether res judicata operates to bar ICC's fraud claim against Freeman individually, based on the prior arbitration in favor of Pacific Trading, for whom Freeman worked. The doctrine of res judicata provides that a final judgment or decree on the merits rendered by a court of competent jurisdiction is conclusive of the rights of the parties and their privies, and constitutes a bar to a subsequent action or suit involving the same cause of action or subject matter. McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323 (1935).
To make a matter res judicata, there must be a concurrence of the following conditions: 1) identity of the thing sued for, 2) identity of the cause of action, 3) identity of the persons and parties to the actions, and 4) identity of the quality or capacity of the person for or against whom the claim is made. Id. 162 So. at 328; 32 Fla.Jur.2d Judgments and Decrees § 107 (1981). These four identities required for res judicata are present in the instant case. The relief sought by ICC could have been granted in either action, the facts necessary to the maintenance of the two actions are identical, Freeman was a privy to Pacific Trading in the first action, and Freeman's "capacity" in both cases is identical in the sense that ICC previously tried to avoid the contract modifications based partly on the information contained in Freeman's facsimile notification to ICC.
Res judicata applies to all matters actually raised and determined as well as to all other matters which could properly have been raised and determined in the prior action, whether they were or not. Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926); Del Vecchio v. Del Vecchio, 179 So.2d 400 (Fla. 3d DCA 1965); 32 Fla.Jur.2d Judgments and Decrees § 115 (1981). The issues of bad faith allegedly arising out of the facsimile notification sent by Freeman were raised or could have been raised in the prior arbitration proceedings.
Accordingly, we find that administrative res judicata acts to bar ICC's instant action against Freeman and we affirm the order under review.