PER CURIAM.
Appellants, the employer and carrier (E/C) in this workers’ compensation matter, challenge an award of benefits made by the judge of compensation claims (JCC). In the order, the JCC found the doctrine of res judicata prevented the E/C from raising the defense of section 440.09(4), Florida Statutes (2004). We va *1220 cate the order and remand for further proceedings.
The record discloses that, in response to an earlier petition for benefits, the E/C raised the “fraud” defense and specifically argued that appellee Anthony Lott failed to disclose to treating physicians two motor vehicle accidents that may well have played a role in his earlier claim for benefits. The record also discloses, however, that after raising the defense in the earlier action, the E/C stipulated with Lott to a complete settlement of all claims as of November 28, 2000. Specifically, the parties agreed “to resolve the outstanding claims that were to be heard on the final hearing on November 28, 2000.” Lott then filed the first of the present series of petitions for benefits on October 15, 2001. In response to the new petitions, the E/C again asserted a violation of section 440.09(4), which the JCC disallowed under the doctrine of res judicata.
“Res judicata applies to all matters actually raised and determined as well as to all other matters which could properly have been raised and determined in the prior action, whether they were or not.” ICC Chem. Corp. v. Freeman, 640 So.2d 92, 93 (Fla. 3d DCA 1994). In this case, the E/C does not simply argue that Lott made misrepresentations prior to the 2000 settlement. If that were the sole argument, res judicata would indeed bar the defense. The E/C argue, however, that Lott, after the 2000 settlement, made subsequent misrepresentations to treating physicians after seeking additional benefits. As the E/C’s section 440.09 defense is based upon facts that allegedly arose after the 2000 settlement and concerns new petitions for benefits, the defense will not be barred by the earlier settlement. See Caron v. Systematic Air Servs., 576 So.2d 372, 375 (Fla. 1st DCA 1991). We note that although the JCC seemed less than impressed with the evidence supporting the fraud defense, the JCC failed to make an alternative finding based upon a lack of evidence. Accordingly, we VACATE the order and REMAND for further proceedings.
KAHN, C.J., BARFIELD and ALLEN, JJ., concur.