MAY, C.J.
When is running a red light not the same as running a red light? The answer: when the violation is captured by a red light camera instead of a law enforcement officer. This distinction is one with a difference. Section 316.075, Florida Statutes (2010) is constitutional and does .not violate the Equal Protection Clause of either the United States or Florida Constitutions. We reverse the trial court order finding the statute unconstitutional.
When law enforcement observed the driver proceed through a red light, the officer issued a citation for a violation of section 316.075. The citation resulted in a $158 fine and four points added to the driver’s license. The defendant challenged the constitutionality of section 316.075 by filing a motion to dismiss. The defendant argued that section 316.075 “creates inequitable classes because it only applies to those individuals who are alleged to have violated the statute, and the violation was observed by a law enforcement officer.”
The trial court held that the statute violates both the federal and Florida Equal Protection Clauses and offered the following rationale:
Although [section] 316.0083[, Florida Statutes (2010) ] prohibits the exact conduct as [section] 316.075, a driver who is observed by an officer committing the violation (in the traditional manner) is subjected to more severe penalties and ramifications than a driver who is fortunate enough to have committed the infraction at a “red light camera” intersection.
The trial court concluded that continued enforcement of section 316.0083 renders section 316.075 unconstitutional by treating citizens differently, depending upon whether the red light violation is caught by law enforcement or a red light camera.
The State has timely appealed the order.
The State argues that the trial court erred in declaring section 316.075 unconstitutional because sections 316.075 and 316.0083 do not apply to similarly-situated people. Therefore, -the differing penalties do not violate equal protection principles. The defendant continues to argue that the two statutes apply to similarly-situated people, and enforcement of section *326 316.0083 renders section 316.075 unconstitutional.
We have de novo review. Crist v. Fla. Ass’n of Criminal Def. Lawyers, Inc., 978 So.2d 134, 139 (Fla.2008).
“[S]tatutes come clothed with a presumption of constitutionality.” Id. “ ‘To overcome the presumption, the invalidity must appear beyond reasonable doubt, for it must be assumed the legislature intended to enact a valid law.’ ” Id. (quoting Franklin v. State, 887 So.2d 1063, 1073 (Fla.2004)).
“An equal protection analysis is appropriate only if similarly situated individuals are treated differently.” Fredman v. Fredman, 960 So.2d 52, 59 (Fla. 2d DCA 2007). “Equal protection is not violated merely because some persons are treated differently than other persons.” Duncan v. Moore, 754 So.2d 708, 712 (Fla.2000). The test to determine if a statute satisfies the Equal Protection Clause is “whether it rests on some difference bearing a reasonable relation to the object of the legislation.” Soverino v. State, 356 So.2d 269, 271 (Fla.1978).
In a similar context, the United States District Court for the District of Columbia upheld the constitutionality of a speeding law in Dixon v. District of Columbia, 753 F.Supp.2d 6 (D.D.C.2010). There, two individuals challenged the District’s “practice of arresting motorists caught driving at speeds in excess of 30 mph over the speed limit by a [Metropolitan Police Department] officer, while merely issuing a civil fine to those caught driving at such speeds by the [Automated Traffic Enforcement] system.” Dixon, 753 F.Supp.2d at 8.
The challengers alleged that the District’s two different means of penalizing those who drive over the speed limit violated the Equal Protection Clause of the Fifth Amendment. Id. The District argued that the complaint failed to state an equal protection claim because the two individuals were not similarly situated. Id. at 9. The District Court agreed and dismissed the complaint. Id.
The District Court explained:
Like other drivers who are seen by a [police] officer driving at speeds more than 30 mph over the speed limit, plaintiffs can be arrested within the bounds of the Fourth Amendment, as the arresting officer has probable cause to believe that the driver committed a crime. By contrast, when a vehicle is photographed for traveling 30 mph over the speed limit, there is no probable cause to believe that the owner of that vehicle was driving and therefore committed a crime, because there is no additional evidence that the owner was in fact the driver.
Id. (citation omitted).
Section 316.075 provides that “[vehicular traffic facing a steady red signal shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and shall remain standing until a green indication is shown ....” § 316.075(1)(e)1, Fla. Stat. (2010). “A violation of [section 316.075] is a noncriminal traffic infraction....” § 316.075(4), Fla. Stat. (2010).
Section 316.0083 also imposes a penalty for failure to stop at a red light. Subsection (1)(b)1.a provides:
[w]ithin 30 days after a violation, notification must be sent to the registered owner of the motor vehicle involved in the violation ... and ... the violator must pay the penalty of $158 to the department, county, or municipality, or furnish an affidavit ... within 30 days following the date of the notification in order to avoid court fees, costs, and the issuance of a traffic citation.
*327 § 316.0083(1)(b)1.a, Fla. Stat. (2010) (emphasis added). Subsection (1)(b)1.b establishes a rebuttable presumption that the person operating the vehicle is its owner. § 316.0083(1)(b)1.b, Fla. Stat. (2010). That presumption may be overcome through any of the means enumerated in subsections (d)1.a.-d. §§ 316.0083(1)(d)1.a.-d. (2010). A vehicle-owner does not receive any points on his license for a violation of section 316.0083.
Under Dixon, individuals cited for red light violations under section 316.075 are not similarly situated to those who are cited for red light violations under section 316.0083. Even if the individuals were similarly situated, section 316.075 is not unconstitutional because there is a rational basis for not issuing points on the licenses of those in violation of section 316.0083.
Pursuant to section 316.075, a law enforcement officer has to observe the violation, who then tickets the “driver” of the car. However, under section 316.0083, because no one observes the driver, the “owner” of the car is sent a notice. The statute then provides a rebuttable presumption that the “owner” was driving, and allows the “owner” to rebut that presumption. For this reason, no points are assessed against the “owner” because someone else may have been driving the car.
As the State argues,
Points are personal — they apply to the licenses of people [who] violate traffic laws; they are not assessed against the vehicles involved in the violations. Due to section 316.0083’s focus on a vehicle’s “owner,” rather than the actual “driver,” it was rational for the legislature to exclude the imposition of additional points on the owner’s license.
Because points are “personal,” it would not be reasonable for the legislature to impose them based on a red light violation captured by a camera as there is no law enforcement officer present to determine who actually operated the vehicle. There is therefore a rational basis for the differing penalties between the two statutory provisions.
Section 316.075 is not unconstitutional because of the enforceability of section 316.0083. The order is reversed and the case is remanded for the court to vacate the order and proceed in accordance with this opinion.

Reversed and Remanded.

TAYLOR and CIKLIN, JJ., concur.