TAYLOR, J.
The City of Fort Lauderdale appeals a county court order dismissing a traffic citation and declaring the owner notification provision of Florida’s red light camera law to be unconstitutional.[1] We reverse and hold that section 316.0083(l)(e)l.c., Florida Statutes (2011), does not violate equal protection or due process by providing that, in the case of a jointly owned vehicle, the traffic citation shall be mailed only to the person whose name appears first on the registration.
On August 19, 2011, an automated traffic camera photographed a vehicle, which was jointly owned by Rhadames and Nuris Gonzalez, running a red light. Shortly thereafter, the City of Fort Lauderdale sent a Notice of Violation to the shared address listed for both Rhadames and Nuris Gonzalez. The Notice was addressed only to Rhadames Gonzalez, the first listed owner on the vehicle’s registration. The Notice included images of the vehicle committing the violation, stated that a statutory penalty of $158 was due within 30 days, and explained procedures for either making payment or contesting the violation.
Because Mr. Gonzalez did not pay the fine set forth in the Notice of Violation within 30 days, a Florida Uniform Traffic Citation was issued to him as the first registered owner of the vehicle. See § 316.0083(l)(c)l.a., c., Fla. Stat. (2011). The Uniform Traffic Citation demanded that he either 1) pay a $263 fine, 2) plead not guilty and request a hearing, or 3) *1121 “establish by a notarized affidavit that a statutory exemption applies.”
Mr. Gonzalez responded by filing a motion to dismiss the citation in county court in Broward County. He argued that the owner notification provision of Florida’s red light camera law violated equal protection and due process because, among other things, the law provided for the citation to be mailed only to the registered owner who is listed first on the vehicle registration.
The trial court ultimately found that the owner notification provision was unconstitutional on due process and equal protection grounds. The trial court concluded that there was no rational basis for treating the first registered owner differently than a subsequent registered owner. In rejecting the argument that simplicity of administration was sufficient to justify the law, the trial court found that the statute “provides for the random prosecution of but one owner although others are not only similarly but identically situated except for their placement on the vehicle registration.” The trial court stated that “for no other reason but for simplicity, one owner is prosecuted and the other or others granted in effect immunity or ipso facto pardoned even though similarly situated.” The trial court’s order thus granted Mr. Gonzalez’s motion to dismiss the citation. This appeal ensued.

Standard of Review

The determination of a statute’s constitutionality is a question of law subject to de novo review. See, e.g., Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005).

Constitutional Principles

Although the standard of review is de novo, “statutes come clothed with a presumption of constitutionality and must be construed whenever possible to effect a constitutional outcome.” Crist v. Fla. Ass’n of Criminal Def. Lawyers, Inc., 978 So.2d 134, 139 (Fla.2008). Courts should resolve every reasonable doubt in favor of the constitutionality of a legislative act. Bunnell v. State, 453 So.2d 808, 809 (Fla.1984).
It is well-settled that “a classification neither involving fundamental rights nor proceeding along suspect lines ... cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.” Heller v. Doe, 509 U.S. 312, 319-20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). “Equal protection is not violated merely because some persons are treated differently than other persons. It only requires that persons similarly situated be treated similarly.” Duncan v. Moore, 754 So.2d 708, 712 (Fla.2000).
The constitutional principle of equal protection “is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.” F.C.C. v. Beach Commc’ns., Inc., 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). “The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific.” Metropolis Theatre Co. v. Chicago, 228 U.S. 61, 69-70, 33 S.Ct. 441, 57 L.Ed. 730 (1913). Under rational basis review, a statute bears a strong presumption of validity and “must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.” Beach Commc’ns., 508 U.S. at 313, 113 S.Ct. 2096. “In other words, a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.” Id. at 315, 113 S.Ct. 2096.
Indeed, “the Equal Protection Clause does not demand for purposes of *1122 rational-basis review that a legislature ... actually articulate at any time the purpose or rationale supporting its classification.” Nordlinger v. Hahn, 505 U.S. 1, 15, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). The burden is on the party attacking the legislation to negate every conceivable basis which might support it. Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973). A classification does not fail rational basis review merely because it is not made with mathematical nicety or because in practice it results in some inequality. Heller, 509 U.S. at 321, 113 S.Ct. 2637.
Administrative considerations may be sufficient to show a rational basis for a classification. See Armour v. City of Indianapolis, — U.S.-,-, 132 S.Ct. 2073, 2081-82, 182 L.Ed.2d 998 (2012) (administrative considerations provided a rational basis for a city’s distinction between homeowners who had paid their taxes in a lump sum and those who paid over time by installments; thus, when the city changed its tax policy, the city’s refusal to provide a refund to those who paid in a lump sum did not violate equal protection); Tiedemann v. Dep’t of Mgmt. Servs., 862 So.2d 845, 847 (Fla. 4th DCA 2003) (“A concern about keeping costs ‘at an affordable level’ is a legitimate state interest.”); Guttman v. Khalsa, 669 F.3d 1101, 1123 (10th Cir.2012) (“Costs are especially relevant when the state’s actions are subject only to rational basis review, given that conserving scarce resources may be a rational basis for state action.”).
Courts have recently addressed various constitutional challenges to automatic traffic enforcement laws, but no decision has addressed the precise constitutional argument presented in this case. For example, in Idris v. City of Chicago, 552 F.3d 564, 565-67 (7th Cir.2009), the Seventh Circuit upheld a red-light camera law against due process and equal protection challenges, concluding that it was rational to fine the owner rather than the driver and that treating lessors differently from other owners was not irrationally discriminatory.
Similarly, in State v. Arrington, 95 So.3d 324 (Fla. 4th DCA 2012), our court held that there was a rational basis for differing penalties between red light violations caught by police officers and red light violations caught by cameras.
However, neither Arrington nor Idris addressed any equal protection argument that a red light camera law discriminated against the first listed owner of jointly-owned vehicles.

The Relevant Provisions of Section 316.0083, Florida Statutes

Section 316.0083, Florida Statutes (2011), authorizes a penalty for failure to stop at a red light where the violation is captured by a traffic infraction detector. Section 316.0083(l)(b)l.a., Florida Statutes (2011), provides that “[w]ithin 30 days after a violation, notification must be sent to the registered owner of the motor vehicle involved in the violation ... and ... the violator must pay the penalty of $158 to the department, county, or municipality, or furnish an affidavit ... within 30 days following the date of the notification in order to avoid court fees, costs, and the issuance of a traffic citation.”
Under the statute, “the photographic or electronic images or the streaming video evidence ... constitutes a rebuttable presumption against the owner of the vehicle.” § 316.0083(l)(b)l.b., Fla. Stat. (2011).
When payment has not been made within 30 days after notification of a violation, a traffic citation is issued to the address of the registered owner of the motor vehicle involved in the violation. § 316.0083(l)(c)l.a., Fla. Stat. (2011). “In the case of joint ownership of a motor vehicle, the traffic citation shall be mailed to the first name appeañng on the regis *1123 tration, unless the first name appearing on the registration is a business organization, in which case the second name appearing on the registration may be used.” § 316.0083(l)(c)l.c., Fla. Stat. (2011) (emphasis added).
The owner of the motor vehicle involved in the violation is responsible and liable for paying the uniform traffic citation when the driver failed to stop at a traffic signal, unless the owner can establish one of the exemptions enumerated in subsections (d)l.a.-d. § 316.0083(l)(d)l.a.-d. (2011). One notable exemption from owner liability applies if “[t]he motor vehicle was, at the time of the violation, in the care, custody, or control of another person.” § 316.0083(l)(d)l.c., Fla. Stat. (2011).
To establish an exemption, the owner of the motor vehicle must, within 30 days after the date of issuance of the traffic citation, furnish to the appropriate governmental entity an affidavit setting forth detailed information supporting an exemption. § 316.0083(l)(d)2., Fla. Stat. (2011). For example, an affidavit supporting an exemption under sub-subparagraph l.c. must include, among other things, the name of the person who had care, custody, or control of the motor vehicle at the time of the alleged violation. § 316.0083(l)(d)2.a., Fla. Stat. (2011). Upon the governmental entity’s receipt of an owner’s affidavit, “the person designated as having care, custody, and control of the motor vehicle at the time of the violation may be issued a traffic citation .... ” § 316.0083(l)(d)3., Fla. Stat. (2011).

Analysis

In this appeal, we are not called upon to address the wisdom, fairness, or logic of the owner notification provision set forth in the red light camera law. Rather, the sole question presented is whether seetion 316.0083(l)(c)l.c., Florida Statutes (2011), violates equal protection or due process by providing that, in the case of a jointly owned vehicle, the traffic citation shall be mailed only to the first name appearing on the registration.[2] Because there is a rational basis for distinguishing between the first named owner of the vehicle and subsequent named owners, there is no equal protection or due process violation.
The classification at issue involves neither a “fundamental right” nor a “suspect” classification. Therefore, the statute need satisfy only rational basis review. In this case, it was at least conceivable for the legislature to believe that, in the case of jointly owned vehicles, the first named owner on the vehicle registration is the person who drives the vehicle most frequently or who otherwise wishes to accept primary responsibility for the vehicle. Whether this is empirically true is irrelevant; rational speculation is enough to sustain the distinction.
Moreover, administrative convenience provides sufficient justification for sending the citation to only one co-owner of a vehicle, as opposed to every co-owner. The procedure of issuing a citation only to the first named owner is simple and easy to administer. It also makes the most sense economically, as it eliminates the duplicative waste of mailing the same notice to multiple vehicle owners. Dupli-cative notices may lead to duplicative payments, thereby causing additional administrative costs associated with refunding overpayments.
Indeed, section 316.0083(l)(c)l.c. is much easier to administer than any alternative method Gonzalez has proposed. Gonzalez’s argument that there is no hardship to issuing a single citation in the name of *1124 both registered owners listed on the registration is unpersuasive. If the statute required that all co-owners receive a citation, then the state would necessarily be issuing a citation to at least one person who was innocent of the red light violation. This would undoubtedly increase the administrative costs of adjudicating a single red light incident.
By contrast, under section 316.0038⅛ statutory scheme, if the first listed owner was not the driver at the time of the violation, then the owner may submit an affidavit denying “care, custody or control” of the vehicle. Furthermore, contrary to the trial court’s ruling, the owner notification provision does not grant immunity or otherwise pardon any subsequently-listed co-owners of the vehicle. If the first named owner on the registration submits an affidavit naming the second owner of the vehicle as the person who had control of the vehicle at the time of the alleged violation, then the second owner of the vehicle “may be issued a traffic citation.” § 316.0083(l)(d)3., Fla. Stat. (2011).
In sum, section 316.0083(l)(c)l.c., Florida Statutes (2011), does not violate equal protection or due process by providing that, in the case of a jointly owned vehicle, the traffic citation shall be mailed only to the first name appearing on the registration. The statute’s distinction between a vehicle’s first listed owner and its subsequent owners is rationally related to the state’s legitimate interest in administrative efficiency. We reverse the order dismissing Gonzalez’s traffic citation and remand for further proceedings.

Reversed and Remanded.

DAMOORGIAN, C.J., AND GROSS, J., concur.

. The State of Florida appealed the same order, but has since voluntarily dismissed its appeal.

. Without further comment, we reject the City’s argument that Mr. Gonzalez does not have standing to challenge the constitutionality of section 316.0083(l)(c)l.c., Florida Statutes (2011).