DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CITY OF FORT LAUDERDALE,**
Appellant,

v.

**JUNE DHAR,**
Appellee.

No. 4D13-1187

[October 22, 2014]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven P. Deluca, Judge; L.T. Case No. 12022175 T120A.

Cynthia A. Everett, City Attorney, and Bradley H. Weissman, Assistant City Attorney, Fort Lauderdale, for appellant.

James T. Forman of Law Offices of James T. Forman, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The City of Fort Lauderdale (the "City") appeals a final order from the county court dismissing a traffic citation on grounds that section 316.0083(1)(d)3., Florida Statutes (2012), of the Mark Wandall Traffic Safety Act violated Defendant June Dhar's equal protection and due process rights under the Constitution. We agree with the county court and affirm.

A vehicle registered to Dollar Rent A Car Systems, Inc. ("Dollar") was detected by an automated traffic camera running a red light, and after review of the violation, Dollar was sent a notice of violation alleging that the described vehicle violated sections 316.074(1) and 316.075(1)(c)1. of the Florida Statutes. In response, Dollar sent an affidavit identifying Defendant as the person having care, custody, or control of the vehicle at the time of the violation. Thereafter, Defendant was issued a uniform traffic citation.

Defendant filed a motion to dismiss, asserting that as a short-term renter of the motor vehicle, she was treated unequally as compared to a vehicle's registered owner or lessee because she was not initially issued a notice of violation under section 316.0083(1)(b)l.a., Florida Statutes (2012), and therefore could not avoid the payment of added court costs by simply paying the statutory penalty of $158.00. The trial court agreed and granted the Defendant's motion.

In finding that the Act violated Defendant's equal protection and due process rights, the trial court correctly noted that:

> There are significant advantages to having a [notice of violation] issued in one's name, as opposed to a [uniform traffic citation]. The cost of a [notice of violation] is $158.00, whereas the cost of a [uniform traffic citation] is $263.00. More importantly, the payment of a $158.00 [notice of violation] buys anonymity. If the [notice of violation] is paid timely, there will be no record of the infraction on one's driving record. Consequently, once a [uniform traffic citation] is issued, one's driving record will be permanently tarnished, unless the [uniform traffic citation] is dismissed in court. This distinct difference is to the detriment of [Defendant]; the option of paying the $158.00 [notice of violation] does not exist.

We find the City's attempt to justify the disparate treatment given to short-term renters to be wholly unpersuasive. Whether a person owns a vehicle, leases a vehicle, or enters into a short-term rental agreement, the circumstances surrounding the infraction remain the same. The activity that is being addressed (either poor driving, or ensuring that people are responsible when loaning their vehicle to others) is the same. Therefore, short-term automobile renters are similarly situated to registered owners and lessees, and no rational basis exists for the unequal treatment given to Defendant by the City in applying this statute. *Cf. City of Fort Lauderdale v. Gonzalez*, 134 So. 3d 1119, 1120 (Fla. 4th DCA 2014) (holding that "section 316.0083(1)(c)1.c, Florida Statutes (2011), did not violate equal protection or due process by providing that, in the case of a jointly owned vehicle, the traffic citation shall be mailed only to the first name appearing on the registration," because "the statute's distinction between a vehicle's first listed owner and its subsequent owners is rationally related to the state's legitimate interest in administrative efficiency.").

2

We note that section 316.0083(1)(d)3. was amended by the legislature, effective July 2, 2013, and now allows all individuals charged with committing a red light camera violation to simply pay $158.00 through the issuance of a notice of violation. We agree with the trial court that the legislature's initial failure to address the situation of short-term renters in the statute was likely a mere oversight which has now been corrected. Such an oversight cannot serve as a rational basis upon which to validate the disparate treatment afforded the Defendant in this case.

In sum, the City failed to present any meritorious argument that supports treating short-term renters differently than registered owners and lessees under the pre-2013 version of the statute. Accordingly, the county court's order granting Defendant's motion to dismiss the traffic citation for violating Defendant's equal protection and due process rights is affirmed.

*Affirmed.*

STEVENSON, MAY and KLINGENSMITH, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

3