# Supreme Court of Florida

_____

No. SC15-359
_____

**CITY OF FORT LAUDERDALE,**
Appellant,

vs.

**JUNE DHAR,**
Appellee.

[February 25, 2016]

LABARGA, C.J.

The City of Fort Lauderdale appeals the decision of the Fourth District Court of Appeal in City of Fort Lauderdale v. Dhar, 154 So. 3d 366 (Fla. 4th DCA 2014). In that decision, the district court held a provision in section 316.0083(1)(d)3., Florida Statutes (2012), known as the "Mark Wandall Traffic Safety Program," to be invalid as applied to short-term renters of motor vehicles who are detected by a "red light camera" committing a violation. This Court has mandatory appellate

jurisdiction under article V, section 3(b)(1), of the Florida Constitution.[1] For the

reasons set forth herein, we affirm the decision of the Fourth District.

## BACKGROUND AND FACTS

The facts concerning this "red light camera" violation by Dhar, who was a

short-term renter of an automobile, and the lower court rulings on Dhar's motion to

dismiss, are set forth in the opinion of the Fourth District as follows:

> A vehicle registered to Dollar Rent A Car Systems, Inc.
> ("Dollar") was detected by an automated traffic camera running a red
> light, and after review of the violation, Dollar was sent a notice of
> violation alleging that the described vehicle violated sections
> 316.074(1) and 316.075(1)(c)1. of the Florida Statutes. In response,
> Dollar sent an affidavit identifying Defendant as the person having
> care, custody, or control of the vehicle at the time of the violation.
> Thereafter, Defendant was issued a uniform traffic citation.
>     Defendant filed a motion to dismiss, asserting that as a short-
> term renter of the motor vehicle, she was treated unequally as
> compared to a vehicle's registered owner or lessee because she was
> not initially issued a notice of violation under section
> 316.0083(1)(b)l.a., Florida Statutes (2012), and therefore could not
> avoid the payment of added court costs by simply paying the statutory
> penalty of $158.00. The trial court agreed and granted the
> Defendant's motion.
>     In finding that the [Mark Wandall Traffic Safety Program]
> violated Defendant's equal protection and due process rights, the trial
> court correctly noted that:
>         There are significant advantages to having a
>         [notice of violation] issued in one's name, as opposed to

1. The City also sought discretionary review in City of Ft. Lauderdale v. Dhar, SC15-399, which arose from the same district court decision. Discretionary review was denied. Thus, this case is here solely on the ground that the district court held a statute unconstitutional.

a [uniform traffic citation]. The cost of a [notice of violation] is $158.00, whereas the cost of a [uniform traffic citation] is $263.00. More importantly, the payment of a $158.00 [notice of violation] buys anonymity. If the [notice of violation] is paid timely, there will be no record of the infraction on one's driving record. Consequently, once a [uniform traffic citation] is issued, one's driving record will be permanently tarnished, unless the [uniform traffic citation] is dismissed in court. This distinct difference is to the detriment of [Defendant]; the option of paying the $158.00 [notice of violation] does not exist.

Dhar, 154 So. 3d at 367 [some bracketed material added].

The district court concluded that the unequal treatment of short-term renters violated equal protection. The court explained, "Whether a person owns a vehicle, leases a vehicle, or enters into a short-term rental agreement, the circumstances surrounding the infraction remain the same," and because short-term automobile renters are similarly situated to registered owners and lessees, there is no rational basis for the unequal treatment given to defendants such as Dhar. Id. Based on the facts and the court's analysis, the Fourth District affirmed the lower court's order granting Dhar's motion to dismiss the traffic citation for violating her equal protection and due process rights.

The Fourth District correctly noted that section 316.0083(1)(d)3. was amended by the Legislature in 2013[2] to allow all individuals charged with

---

2. Ch. 2013-160, § 5, at 1847, Laws of Fla.

committing a red light camera violation to pay $158 through the issuance of a notice of violation. Even though the statute has been amended, we are obliged by the Florida Constitution to provide appellate review of the district court decision because it declared a state statute invalid. See article V, § 3(b)(1), Fla. Const.

## ANALYSIS

The constitutionality of a statute is a pure question of law subject to de novo review. City of Miami v. McGrath, 824 So. 2d 143, 146 (Fla. 2002). "[M]ixed questions of law and fact that ultimately determine constitutional rights should be reviewed by appellate courts using a two-step approach, deferring to the trial court on questions of historical fact but conducting a de novo review of the constitutional issue." Davis v. State, 142 So. 3d 867, 871 (Fla. 2014) (quoting Henry v. State, 134 So. 3d 938, 946 (Fla. 2014) (quoting Connor v. State, 803 So. 2d 598, 605 (Fla. 2001))). As in all constitutional challenges, the statute comes to the Court clothed with the presumption of correctness and all reasonable doubts about the statute's validity must be resolved in favor of constitutionality. "While [the Court] review[s] decisions striking state statutes de novo, [it] is obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible." Crist v. Ervin, 56 So. 3d 745, 747 (Fla. 2010) (quoting Fla. Dep't of Revenue v. City of Gainesville, 918 So. 2d 250, 256 (Fla. 2005)).

When courts consider the constitutionality of a statute that abridges a fundamental right, they are required to apply a strict scrutiny standard to determine whether the statute denies equal protection. Level 3 Commc'ns, LLC v. Jacobs, 841 So. 2d 447, 454 (Fla. 2003) (citing Lite v. State, 617 So. 2d 1058, 1061 n.2 (Fla. 1993)). "However, where a fundamental right is not at stake, the courts apply the rational basis test. 'Under the rational basis standard, the party challenging the statute bears the burden of showing that the statutory classification does not bear a rational relationship to a legitimate state purpose.' " Id. Driving is not a fundamental right, see Lite, 617 So. 2d at 1060; thus, the statute in this case is reviewed under the rational basis test. With these standards in mind, we turn to the statute at issue.

Section 316.0083, Florida Statutes, also known as the Mark Wandall Traffic Safety Program, was created in chapter 2010-80, § 5, Laws of Florida. The statute expressly preempted to the State the regulation of the use of cameras to enforce the provisions of chapter 316, Florida Statutes. It authorized the Department of Highway Safety and Motor Vehicles, counties, and municipalities to use cameras to enforce violations of sections 316.074(1) and 316.075(1)(c), Florida Statutes, for a driver's failure to stop at a red light traffic signal. In 2012, when Dhar committed the traffic violation, section 316.0083(1), Florida Statutes, provided in pertinent part:

(b)1.a. Within 30 days after a violation, notification must be sent to the registered owner of the motor vehicle involved in the violation specifying the remedies available under s. 318.14 and that the violator must pay the penalty of $158 to the department, county, or municipality, or furnish an affidavit in accordance with paragraph (d), within 30 days following the date of the notification in order to avoid court fees, costs, and the issuance of a traffic citation.  The notification shall be sent by first-class mail.

. . . .

(c)1.a. A traffic citation issued under this section shall be issued by mailing the traffic citation by certified mail to the address of the registered owner of the motor vehicle involved in the violation when payment has not been made within 30 days after the notification under subparagraph (b)1.

. . . .

(d)1. The owner of the motor vehicle involved in the violation is responsible and liable for paying the uniform traffic citation issued for a violation of s. 316.074(1) or s. 316.075(1)(c)1. when the driver failed to stop at a traffic signal, unless the owner can establish that:

. . . .

c.  The motor vehicle was, at the time of the violation, in the care, custody, or control of another person;

. . . .

2.  In order to establish such facts, the owner of the motor vehicle shall, within 30 days after the date of issuance of the traffic citation, furnish to the appropriate governmental entity an affidavit setting forth detailed information supporting an exemption as provided in this paragraph.

a.  An affidavit supporting such exemption under subparagraph 1.c. must include the name, address, date of birth, and, if known, the driver license number of the person who leased, rented, or otherwise had care, custody, or control of the motor vehicle at the time of the alleged violation. . . .

. . . .

3.  Upon receipt of an affidavit, the person designated as having care, custody, and control of the motor vehicle at the time of the violation may be issued a traffic citation for a violation of s. 316.074(1) or s. 316.075(1)(c)1. when the driver failed to stop at a traffic signal.  The affidavit is admissible in a proceeding pursuant to this section for the purpose of providing proof that the person

identified in the affidavit was in actual care, custody, or control of the motor vehicle. The owner of a leased vehicle for which a traffic citation is issued for a violation of s. 316.074(1) or s. 316.075(1)(c)1. when the driver failed to stop at a traffic signal is not responsible for paying the traffic citation and is not required to submit an affidavit as specified in this subsection if the motor vehicle involved in the violation is registered in the name of the lessee of such motor vehicle.

§ 316.0083, Fla. Stat. (2012).

The statute does not expressly address short-term renters such as Dhar except to note that if the party who receives the initial Notice of Violation files an affidavit indicating that they were not the party who had the care, custody, or control of the vehicle at the time of the violation, the person named in the affidavit will then be sent a Uniform Traffic Citation. There is no dispute that the effect of the operation of the statute is to treat short-term renters differently than long-term lessees. This is because a long-term lessee will be listed in the Department of Highway Safety and Motor Vehicles records as a registrant, and that long-term lessee will be sent the initial Notice of Violation calling for payment of only $158. Because short-term renters are not listed there, they are identified only after the registered owner submits an affidavit identifying them. The 2012 statute then provides that a Uniform Traffic Citation may be issued to the person identified in the affidavit.

We agree with the county court and the Fourth District that the unequal statutory treatment of short-term automobile renters bears no rational relationship

- 7 -

to a legitimate state purpose. No rational basis justifies treating short-term renters differently than registered owners and lessees where the gravamen of the violation—running a red light and being captured on camera doing so—is the same in each case. We agree that Dhar, as the challenger, had the burden to show that the statutory classification bears no rational relationship to a legitimate state purpose, and we conclude, as did the lower courts, that she has borne this burden. See Level 3 Commc'ns, 841 So. 2d at 454. Thus, the district court correctly affirmed the order of the county court granting the motion to dismiss.

## CONCLUSION

For the reasons set forth above, we hold that section 316.0083, Florida Statutes (2012), is unconstitutional as applied to short-term vehicle renters such as Dhar. Accordingly, we affirm the decision of the Fourth District in City of Fort Lauderdale v. Dhar, 154 So. 3d 366 (Fla. 4th DCA 2014), and remand for proceedings consistent herewith.

It is so ordered.

PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
POLSTON, J., concurs in result.
CANADY, J., dissents.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the District Court of Appeal – Statutory or Constitutional Invalidity

   Fourth District - Case No. 4D13-1187

   (Broward County)

Edward George Guedes and Alicia Hayley Welch of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, Florida,

   for Appellant

Louis Charles Arslanian, Hollywood, Florida,

   for Appellee