# Third District Court of Appeal

## State of Florida

Opinion filed August 31, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2251
Lower Tribunal No. 14-14893
_____

**Leona Charles,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Cudlipp & Cudlipp, P.A., and Kevin E. Cudlipp and Michael P. Cudlipp, for appellant.

Hinshaw & Culbertson LLP, and Maureen G. Pearcy, for appellee.

Before WELLS, ROTHENBERG, and LAGOA, JJ.

ROTHENBERG, J.

Leona Charles ("Charles") appeals the trial court's final order entering summary judgment[1] in favor of Citizens Property Insurance Corporation ("Citizens"). Because we conclude that the instant lawsuit is barred by the doctrine of res judicata, we affirm. See ICC Chem. Corp. v. Freeman, 640 So. 2d 92, 93 (Fla. 3d DCA 1994) (holding that "[r]es judicata applies to all matters actually raised and determined as well as to all other matters which could properly have been raised and determined in the prior action, whether they were or not.").

The record reflects that Charles initially sued Citizens on March 25, 2013 based upon Citizens's failure to pay her supplemental request for damages, which were incurred due to a plumbing leak in May 2012. In the 2013 lawsuit, Citizens moved for summary judgment on its asserted affirmative defense of lack of standing based on Charles's assignment of her insurance benefits to a remediation company, Fastech Restoration, Inc., on May 24, 2012.

At the summary judgment hearing conducted on March 31, 2014, Charles claimed that she and Fastech executed an amended assignment in early February 2013. The trial court, however, declined to accept the document at the hearing because Charles had neither replied to Citizens's standing defense nor provided the purported assignment to Citizens and the authenticity of the purported assignment was in question. However, the trial court granted Charles leave to amend her

---

[1] The order granting summary judgment was stamped as a final order by the trial court and has already been determined by our Court to be a final appealable order.

response to Citizens's affirmative defenses to plead the amended assignment and instructed Charles that she could seek leave to amend or that she could appeal the trial court's ruling. Rather than amending her pleadings, Charles filed a second lawsuit for the same water loss on June 9, 2014, seeking the same recovery and alleging the same breach by Citizens as pled in the 2013 law suit.

Both suits seek to recover the same damages from the May 2012 water loss; allege that Citizens breached the contract by failing to pay the entire loss claimed; involve the same parties; and sued Citizens in its capacity as the insurer of Charles's homeowner's policy. Thus, all of the elements of res judicata have been met. See ICC Chem., 640 So. 2d at 93 (listing the four elements as: (1) identity of thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made). Because the issue of Charles's standing was raised by Citizens in the prior lawsuit; not defended by Charles despite the trial court's invitation to her to amend her pleadings to assert the purported amended assignment; and Charles's standing was decided adversely to Charles in the prior lawsuit, the trial court correctly concluded that the present lawsuit is barred by res judicata.

Affirmed.