# Third District Court of Appeal

**State of Florida**

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2212
Lower Tribunal No. 13-36012
_____

**Hermine Ricketts and Laurence Carroll,**
Appellants,

vs.

**Village of Miami Shores, Florida, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Institute for Justice and Ari Bargil and Allison Daniel and Michael Bindas (Bellevue, WA), for appellants.

Genovese Joblove & Battista and Richard Sarafan and Nina Greene, for appellees.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

SALTER, J.

As the initial brief in this appeal frames the issue:

Miami Shores homeowners may have virtually anything in their front yard. They may decorate with garden gnomes, pink flamingos and trolls. They may park their boats and jet skis. And they are free to grow whatever trees, flowers, shrubs, grasses, fruits and berries they desire. There is, however, one thing forbidden:

*Vegetables.*

In Miami Shores, maintaining a vegetable garden in your own front yard is illegal and punishable by fines of $50 per day. But Americans have been growing vegetables on their property since precolonial times. This appeal seeks to vindicate the constitutional rights of Floridians to continue to do so today.

Appellants, Hermine Ricketts and Tom Carroll ("Hermine and Tom"), a married Miami Shores couple in their 60s, designed and maintained a vegetable garden, peacefully and without incident, in the front yard of their modest Miami Shores home for over 17 years. After nearly two decades without a complaint (but quite a few compliments), they were abruptly ordered to stop. Facing the threat of fines of $50 per day, Hermine and Tom destroyed their beloved garden and, along with it, uprooted a significant source of both material sustenance and personal joy. Today, where flowers and colorful plants once abounded, there sits a decidedly less vibrant (but fully compliant) patch of land. All of this, according to Miami Shores, in the name of aesthetics.

Hermine and Tom desire to once again grow vegetables for their own consumption, methodically and attractively as before, in their own front yard. But the ordinance at issue in this case prohibits this historically recognized, productive use of property. And despite Miami Shores' purported interest in promoting aesthetics, the ordinance bans only vegetable gardens—thus allowing virtually any other type of landscape, regardless of how it looks. As a result, Hermine and Tom filed this lawsuit, challenging the ban on front-yard vegetable gardens as a violation of the Florida Constitution's Due Process and Equal Protection Clauses.

\* \* \* \*

2

Hermine and Tom also challenged the ban on front-yard vegetable gardens as a violation of two of their fundamental rights under the Florida Constitution—the right to acquire, possess and protect property and the right of privacy.[1]

Though these claims seem compelling, the trial court's well-reasoned, ten-page final order rejecting the appellants' claims correctly acknowledged the difficult procedural posture confronting the appellants and dutifully applied controlling precedent.  We affirm that final order in all respects.[2]

Procedural Posture—Facial vs. "As-Applied" Constitutional Claims

The appellants' circuit court lawsuit attacking the constitutionality of the applicable zoning ordinance followed an earlier, unsuccessful administrative proceeding in which the appellants contested a notice of violation pertaining to their front-yard vegetable garden.  That notice (which followed a written courtesy notice issued four weeks earlier requesting removal of the vegetable garden from

---

[1]  The appellants have been ably represented in the trial court and here by the Miami and Bellevue, Washington, offices of the Institute for Justice, a national non-profit which "litigates to limit the size and scope of government power and to ensure that all Americans have the right to control their own destinies as free and responsible members of society."   http://ij.org/about-us/ (site last visited October 3, 2017).

[2]  The appellants also challenge the trial court's order sustaining the Village's objections to certain pretrial discovery requests (including, for example, requests for information and documents regarding the Village Council's reasons for, and any investigation of, the ordinance amendment in question).  We reject the appellants' arguments on this point. Rainbow Lighting, Inc. v. Chiles, 707 So. 2d 939 (Fla. 3d DCA 1998) (City commissioners' motives in adopting ordinances are not subject to judicial scrutiny).

the front yard) was issued by a code inspector with the Village's code enforcement department.

The appellants ultimately appeared at two hearings before the code enforcement board, presenting testimony and evidence regarding their objections. The objections did not include constitutional challenges. The Village code enforcement board issued a written notice of disposition sustaining the violation, authorizing a fine of $50.00 per day for non-compliance, allowing another month within which the appellants could comply, and notifying them of their rights to appeal the ruling to the circuit court.

The appellants then appealed to the appellate division of the circuit court. Subsequently, the appellants removed the vegetable garden and voluntarily dismissed their appeal. The Village did not impose any fines regarding the violation.

Less than a month after the circuit court's dismissal of that case, however, the appellants (then represented by their current counsel rather than pro se) filed a new circuit court lawsuit seeking declaratory and injunctive relief challenging the constitutionality of the design standard in section 536(e) of the Village's zoning code, "Vegetable gardens are permitted in rear yards only."[3]

---

[3] Before an amendment in 2013, the design standard stated "Vegetable gardens are permitted in rear yards." The amendment added the word "only."

4

The significance of the earlier proceeding is that, for purposes of judicial review by this Court in the present case, that first proceeding conclusively determined that a violation occurred based on the evidentiary record presented to the Village's code enforcement board. Any attempt to present an "as-applied" constitutional challenge to the statute, as opposed to a "facial" constitutional challenge, is barred as a matter of res judicata and waiver. Kirby v. City of Archer, 790 So. 2d 1214 (Fla. 1st DCA 2001); Charles v. Citizens Prop. Ins. Corp., 199 So. 3d 495 (Fla. 3d DCA 2016) (res judicata applies even to those matters which were not, but could properly have been, raised in a prior action between the parties); Holiday Isle Resort &Marina Ass'n v. Monroe County, 582 So. 2d 721 (Fla. 3d DCA 1991) (constitutional claims may be raised in an appeal to a circuit court from a final order of a code enforcement board).[4]

A facial challenge to legislation, as in the case of the ordinance and this second proceeding, "is more difficult than an 'as applied' challenge because the challenger must establish that no set of circumstances exists under which the statute would be valid." Cashatt v. State, 873 So. 2d 430, 434 (Fla. 1st DCA 2004); Ogborn v. Zingale, 988 So. 2d 56 (Fla. 3d DCA 2008).

---

[4] A facial challenge to the ordinance is not barred by the prior issues and determinations in the parties' code enforcement case because the requisite identity of causes of action necessary to invoke res judicata is absent. Wilson v. County of Orange, 881 So. 2d 625 (Fla. 5th DCA 2004); see also City of Ft. Lauderdale v. Scott, 773 F. Supp. 2d 1355 (S.D. Fla. 2011).

Recognizing that more difficult hurdle facing the appellants in this second proceeding—attacking the statute on the grounds that it cannot be validly enforced under any set of circumstances—we turn next to the level of constitutional scrutiny. The appellants claim that the ordinance must survive the more stringent test, "strict scrutiny," rather than the less stringent "rational basis" level of scrutiny.

Rational Basis versus Strict Scrutiny

The trial court correctly determined that the ordinance did not infringe upon the appellants' fundamental rights and that strict scrutiny is not required. The appellants first posit a fundamental right to use their front yard to grow food for their own consumption, based on article I, section 2 of the Florida Constitution's Declaration of Rights (the right "to acquire, possess and protect property"), based on such cases as Shriners Hospitals for Crippled Children v. Zrillic, 563 So. 2d 64, 67 (Fla. 1990) (right to devise one's own property is a right protected by article I, section 2).

The Florida Supreme Court said more in Zrillic, however—"even constitutionally protected property rights are not absolute, and 'are held subject to the fair exercise of the power inherent in the State to promote the general welfare of the people through regulations that are necessary to secure the health, safety, good order, [and] general welfare.'" Id. at 68 (quoting Golden v. McCarty, 337

So. 2d 388, 390 (Fla. 1976)).  And the ordinance challenged below and here only prohibits vegetable gardens in a front yard, not anywhere or everywhere on a residential lot.[5]

The appellants' second claim that the ordinance violates a fundamental right and should thus be subjected to strict scrutiny also fails.  Article I, section 23, of the Florida Constitution provides a right of privacy ("to be let alone and free from governmental intrusion into the person's private life"), and it was relied upon by the Florida Supreme Court in one case involving a "choice concerning food," as the appellants suggest.  In that case, In re Browning, 568 So. 2d 4 (Fla. 1990), the issue presented was the withdrawal of nutrition from an 86-year-old, incompetent, incurably ill person in accordance with a previously-signed living will.

The patient's right of self-determination under consideration in In re Browning is not akin to the "choices concerning food" sought to be invoked as a fundamental right by the appellants in this case.  It takes a leap of the imagination to suggest that the right of privacy applies to all choices concerning food.  Zoning and design ordinances prohibiting chicken coops or turkeys in the front yard may

---

[5]  The appellants complain that they cannot cultivate a vegetable garden in their backyard because of the shade from overhanging trees and because of their backyard swimming pool.  These are particular circumstances that may reflect personal choices, vary from resident to resident, and are inappropriate considerations when the facial challenge claims invalidity as to all residents and all residential lots.

relate to sustenance and food choices, but no Florida case suggests that such a prohibition runs afoul of the right of privacy.

Rational Basis

Having correctly determined that strict scrutiny was not warranted, the trial court considered the constitutionality of the ordinance under the rational basis level of scrutiny. The trial court correctly applied this Court's decisions in Membreno & Florida Ass'n of Vendors, Inc. v. City of Hialeah, 188 So. 3d 13 (Fla. 3d DCA 2016), and Kuvin v. City of Coral Gables, 62 So. 3d 625 (Fla. 3d DCA 2010).

In Membreno, we detailed the heavy burden borne by a party challenging the constitutionality of a legislative enactment under the rational basis test:

- "[T]he burden is on the one attacking the legislative enactment to negate every conceivable basis which might support it." Id. at 20 (quoting Haire v. Fla. Dept. of Agric. & Consumer Servs., 870 So. 2d 774, 782 (Fla. 2004)).

- The "deferential standard" applicable to rational basis scrutiny requires the reviewing court to uphold the enactment if it is "fairly debatable" whether the purpose of the law is legitimate and whether the methods adopted in the law serve that legitimate purpose. Id. at 25.

- Under this test, a legislative choice is not subject to courtroom fact-finding, because such laws "'may be based on rational speculation unsupported by

8

evidence or empirical data.'" Id. at 26 (quoting City of Fort Lauderdale v. Gonzalez, 134 So. 3d 1119, 1121 (Fla. 4th DCA 2014)).

- A legislative enactment can pass the rational basis test even if purely experimental. Id. at 28.

- The Constitution does not prohibit a legislature from passing a law striking a judge as unwise or unfair. Id. at 29.

Applying these principles, grounded in the core concept of separation of powers between the judicial branch and the political branches, to the present case, the ordinance is rationally related to the Village code's design standards and landscaping regulations. The preamble to the pertinent section of the code states that the purposes of the design and landscaping provisions include the "protection and promotion of the . . . appearance . . . of the village," the protection of "the distinctive character of Miami Shores Village that has resulted from . . . [t]he application and careful administration of protective regulations," and the protection of "property values and the enjoyment of property rights by minimizing and reducing conflicts among various land uses . . . ." Village of Miami Shores, Fla., Code of Ordinances § 100.

It is at least fairly debatable that a vegetable garden occupying most of the appellants' front yard and including, according to the appellants' complaint, some 75 different varieties of vegetables, could signify a conflict between the Village's

9

decorative standards for front yards (green space planted with grass, sod, low growing plants, and a minimum of two trees) and an agricultural use based on the cultivation of vegetables for consumption. The appellants assert, however, that the Village's ban on front yard vegetable gardens is based on ambiguous and undefined "aesthetic" requirements, "inviting arbitrary and subjective enforcement."

This Court addressed the relevance and validity of zoning regulations based on aesthetics in <u>Kuvin</u>, 62 So. 3d at 634-35. We cited with approval numerous Florida cases in which zoning regulations based on aesthetics have been upheld as preserving the residential look and feel of a community.

Finally, the trial court conscientiously surveyed four dictionary definitions of each of the terms "vegetable" and "garden," concluding that the plain meaning of these words when used together connotes the cultivation of plants to be eaten as part of a meal, as opposed to the cultivation of plants for ornamental reasons, i.e., aesthetics. We agree.

<u>Conclusion</u>

Following the ineluctable conclusion that the Village ordinance does not restrict a fundamental right or suspect class, <u>Membreno</u> and <u>Kuvin</u> control the analysis in this case. The ordinance is constitutional. We agree with the trial court's parting observation that the appellants "still have a remedy. They can

10

petition the Village Council to change the ordinance.  They can also support candidates for Council who agree with their view that the ordinance should be repealed."[6]

Affirmed.

---

[6]  Such a result actually occurred in the aftermath of <u>Kuvin</u>.  Coral Gables' ban on private (non-commercial) pickup trucks in front of a home was liberally amended by City voters following a November 2012 referendum on the issue. http://www.coralgables.com/index.aspx?recordid=672&page=30       (City   Code Enforcement Release posted November 6, 2012; site last visited October 3, 2017).