DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**R.J. REYNOLDS TOBACCO COMPANY,**
Appellant,

v.

**JAN GROSSMAN,** as Personal Representative of the Estate
of **LAURA GROSSMAN**, deceased,
Appellee.

No. 4D18-627

[June 6, 2018]

Appeal and cross-appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 08-025828 (09).

Jason T. Burnette of Jones Day, Atlanta, Georgia, and Charles R.A. Morse of Jones Day, New York, New York, for appellant.

Bard D. Rockenbach of Burlington & Rockenbach, P.A., West Palm Beach, and Jonathan R. Gdanski and Scott P. Schlesinger of Schlesinger Law Offices, P. A., Fort Lauderdale, for appellee.

CONNER, J.

R.J. Reynolds Tobacco Company ("RJ Reynolds") appeals a trial court order denying its motion to dissolve a writ of garnishment and to stay execution of the judgment entered in favor of the appellee, Jan Grossman ("Grossman"), as personal representative of the Estate of Laura Grossman. The judgment was entered in an *Engle*[1] tobacco litigation case. RJ Reynolds asserts two grounds for reversal: (1) its compliance with section 569.23, Florida Statutes (2017), protects it from execution while appellate review of the final judgment is pending; and (2) there is no final judgment upon which execution can issue because this Court reversed a portion of the final judgment and review is pending in our supreme court. Grossman cross-appeals and argues that section 569.23 is unconstitutional. Because we agree with RJ Reynolds on the application of section 569.23 to the proceedings, we reverse and remand for entry of a stay of execution.

---

[1] *See Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

We *sua sponte* dismiss the cross-appeal as an attempt to appeal an order already providing Grossman the full relief he sought. Additionally, there was no ruling by the trial court on the constitutionality of the statute, and no compliance with the notice requirements for that challenge.

*Background*

Grossman brought an *Engle*-progeny lawsuit against RJ Reynolds after the death of his wife, who he alleged was addicted to cigarettes and died of lung cancer. Grossman alleged multiple claims, including strict liability, fraud by concealment, conspiracy to commit fraud by concealment, and negligence, among others. The jury apportioned fault for compensatory damages, but the trial judge declined to reduce the compensatory damages by comparative fault. Judgment was entered against RJ Reynolds for compensatory and punitive damages. On appeal, we held that the trial court was required to reduce the compensatory damage award by the parties' comparative fault as determined by the jury. *R.J. Reynolds Tobacco Co. v. Grossman*, 211 So. 3d 221, 229 (Fla. 4th DCA 2017).

After our decision, both sides sought review by our supreme court. The court denied review of RJ Reynolds's petition. As of the date of this opinion, review of Grossman's petition is still pending.

After judgment was entered against it, RJ Reynolds posted an initial bond in compliance with section 569.23, and subsequently increased the amount of the bond. After petitioning our supreme court for review, Grossman moved for a writ of garnishment, which was issued by the trial court clerk of court. When the writ was served on a bank used by RJ Reynolds, several millions of dollars were debited from accounts held by RJ Reynolds. RJ Reynolds filed an emergency motion to dissolve the writ of garnishment and to confirm a stay of execution. It argued that the judgment Grossman was seeking to satisfy was not final, as it was pending review by our supreme court. Additionally, it argued that it had posted a supersedeas bond that automatically stayed execution during review of the case by both our supreme court and the United States Supreme Court or until the time for filing a certiorari petition had expired.

The trial court denied RJ Reynolds's motion to dissolve the writ or confirm a stay of execution, reasoning that the only appeal pending was Grossman's petition (as opposed to review sought by RJ Reynolds) and that any review by the United States Supreme Court would be "futile," given recent case law by that court. RJ Reynolds gave notice of appeal. Subsequently, Grossman cross-appealed, contending section 569.23 is unconstitutional.

2

*Appellate Analysis*

Insofar as RJ Reynolds's appellate challenges are based on interpretation and application of statutes, our review is *de novo*. *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 197 So. 3d 137, 139 (Fla. 4th DCA 2016). Grossman's constitutionality challenges are also reviewed *de novo*. *City of Ft. Lauderdale v. Dhar*, 185 So. 3d 1232, 1234 (Fla. 2016).

Section 569.23(3), Florida Statutes, provides that tobacco settlement signatories such as RJ Reynolds can stay execution of *Engle*-related judgments by posting bond. *See R.J. Reynolds Tobacco Co. v. Hall*, 67 So. 3d 1084, 1087-89 (Fla. 1st DCA 2011). Subsection (a)1., dealing with Florida court appeals of such judgments, provides:

> In civil actions against a signatory, or a successor, parent, or affiliate of a signatory, to a tobacco settlement agreement brought by or on behalf of persons who claim or have been determined to be members of a former class action that was decertified in whole or in part, *the trial courts shall automatically stay the execution of any judgment in any such actions during the pendency of all appeals or discretionary appellate reviews of such judgment in Florida courts*, upon provision of security as required in this paragraph. All security shall be provided through the posting with or payment into the registry of the clerk of the Supreme Court.

§ 569.23(3)(a)1., Fla. Stat. (2017) (emphasis added).

RJ Reynolds argues that by posting a $15 million bond, it is statutorily entitled to an automatic and continuous stay of execution processes until thirty days after the end of all appellate proceedings in Florida. Additionally, it argues that the bond posting means that the automatic stay extends to any review proceedings filed in federal court after state court review proceedings have ended. No issue was raised below or on appeal by Grossman regarding the sufficiency of the bond posted. What Grossman contests is RJ Reynolds's assertion that the stay under section 569.23(3) applies to any future review sought by RJ Reynolds in federal court. Because there currently is no appellate review pending in any federal court, we decline to address that issue. This Court has no authority to issue an advisory opinion. *State v. Barati*, 150 So. 3d 810, 813 (Fla. 1st DCA 2014).

The record establishes that RJ Reynolds posted a sufficient bond pursuant to section 569.23(3)(a)1., and is entitled to a stay of execution. We therefore conclude the trial court erred by not staying the writ of

garnishment. However, we are satisfied that the trial court did not err in declining to dissolve the writ of garnishment. *See Freedom Insurors, Inc. v. M.D. Moody & Sons, Inc.*, 869 So. 2d 1283, 1285 (Fla. 4th DCA 2004) (affirming trial court stay of garnishment, rather than dissolution of the writ, because debtor had filed supersedeas bond in appeal from underlying judgment); *Fla. Steel Corp. v. A. G. Spanos Enters., Inc.*, 332 So. 2d 663, 665 (Fla. 2d DCA 1976) (explaining that because a supersedeas has the effect of suspending the proceedings, it is more appropriate to grant a stay, rather than dissolve a writ of garnishment).

Additionally, the parties put forth arguments regarding whether garnishment proceedings are appropriate as to the portion of the final judgment awarding punitive damages, which was not reversed in the prior appeal before this Court. We need not address those arguments, in view of our disposition regarding the application of section 569.23(3)(a)1. and RJ Reynolds's entitlement to a stay of execution.

We also dismiss the cross-appeal attacking the constitutionality of section 569.23. There is no order from the trial court explicitly addressing the constitutional arguments Grossman asserted below, and we do not construe the rulings of the trial court to implicitly address the constitutionality of the statute. A cross-appeal is intended to "call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which appellee believes itself entitled." *Webb Gen. Contracting Inc. v. PDM Hydrostorage, Inc.*, 397 So. 2d 1058, 1059-60 (Fla. 3d DCA 1981). Below, Grossman was accorded the full relief he sought in the circuit court. Having failed to obtain a ruling on the constitutionality of section 569.23, he should not be permitted to present arguments regarding his constitutional challenge on appeal. Further, we agree with RJ Reynolds's argument that the trial court could not have properly considered the constitutionality of the statute because the notice requirements of Florida Rule of Civil Procedure 1.071 and section 86.091, Florida Statutes (2017), requiring notice to the Attorney General or state attorney of the judicial circuit where the action is pending, were not complied with. Thus, we follow the general rule that the constitutionality of a statute be considered first by the trial court. *Dickinson v. Stone*, 251 So. 2d 268, 271 (Fla. 1971).

*Reversed and remanded with instructions; cross-appeal dismissed.*

Gerber, C.J., and Ciklin, J., concur.

\* \* \*

4

*Not final until disposition of timely filed motion for rehearing.*